Charles A. Sweet, Appellant, v. The Buffalo, New York and Philadelphia Railway Company, Respondent.

It is within the power of the Legislature, in authorizing land to be condemned for a public use which may be permanent, to determine what estate therein shall be taken, and to authorize the taking of a fee or any less estate in its discretion.

A fee may be taken, although the public use for which the land is to be taken is special and not of necessity permanent or perpetual.

Where a statute authorizes the taking of a fee it cannot be held invalid, or that an easement only was acquired thereunder, on the ground that an easement only was required to accomplish the purpose in view.

The act entitled, " an act authorizing the common council of the city of Buffalo to lay out a public ground for the purpose of maintaining and protecting a sea-wall or breakwater along the shore or margin of Lake Erie " (chap. 547, Laws of 1864), authorized the taking of a fee in lands required for the purpose specified ; and under proceedings for that purpose taken as prescribed by the act which gave to the city all the interest authorized by the act, it acquired an absolute fee.

The fact that the particular purpose for which the land was to be taken is expressed in the title and in the act does not qualify the estate taken ; the purpose so declared simply regulates and defines the use for which the land shall be held.

The said act does not conflict with the provision of the State constitution (art. 3, § 16) declaring that a private or local act shall include but one subject, which shall be expressed in its title.

(Argued December 3, 1879 ; decided December 16, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 13 Hun, 643.)

This was an action of ejectment to recover possession of certain premises in the city of Buffalo, over which defendant, under a license or permit from the common council, had laid its track.

The land in question had been taken by the city under and by virtue of proceedings under the act chapter 547, Laws of 1864.

*A. P. Laning*, for appellant. The act authorizing the common council " to lay out a public ground for the purpose of maintaining and protecting a sea-wall or breakwater along the shore or margin of Lake Erie," did not authorize the grant from the city to defendant. (*Gaskin* v. *Meek*, 42 N. Y., 186; *People* v. *Sup'rs Chautauqua Co.*, 43 id., 10; 1 Kent's Com., 415; 3 Bouvier's Inst., 95; *People* v. *McConville*, 35 N. Y., 449, 451; *People* v. *Briggs*, 50 id., 553; *People* v. *Com. of Palatine*, 53 Barb., 70; *People ex rel.* v. *Hills*, 42 id., 404; *Bradley* v. *Stephens*, 41 id., 619; *Sun Mut. Ins. Co.* v. *Meyer*, 8 N. Y., 253; *People* v. *McConn*,

3 Parker, 299, 300; *Meyer* v. *Cegate*, 2 Kern., 146; *People* v. *Hills*, 35 N. Y., 452; *People* v. *O'Brian*, 38 id., 195.) That act is to be strictly pursued, and cannot be extended by implication, or beyond what is expressed, except as necessary to accomplish the purpose for which it was granted. (Potter's Dwarris on Stats., 257, 258; *Van Horn* v. *Dorrance*, 2 Dall., 316; *In re N. Y. C. and H. R. R. R. Co.* v. *Kip*, 46 N. Y., 546; *R. and S. R. R. Co.* v. *Davis*, 43 id., 137, 146; *Newell* v. *Wheeler*, 48 id., 486; *Ex parte Ward*, 52 id., 39.) The word "fee" is used in the act rather to create an interest *publici juris*, to continue so long as it is required for that purpose, and to the extent necessary to carry out the intention of the act. (2 Bl. Comm., 105; *People* v. *Kerr*, 27 N. Y., 196, 197; Smith on Stat. Construction, 659, 753; *Adams* v. *Wood*, 2 Cranch, 336; Sedgwick on Stat. Law, 224, 225; Sedgwick on Stat. Const., 235; 2 R. S., chap. 1, title 5, § 2; *Bridges* v. *Pierson*, 45 N. Y., 604; *Deuling* v. *Rogers*, 22 Wend., 489; *Crawford* v. *Delaware*, 7 Ohio [N. S.], 459; *Street Ry.* v. *Cummonsville*, 14 id., 541; *State* v. *Laverick*, 34 N. J., 201; *State* v. *Mayor*, 5 Porter, 279.) The city acquired under the act an easement or servitude in the land, and not the title. (*Pomeroy* v. *Mills*, 3 Vt., 280; 1 Crabb's Real Prop., 125, § 115.) The word "fee" is unquestionably used in the act with the general meaning of estate or title, and the particular kind of estate referred to is shown at once by the limiting words which follow. (*Hayward* v. *Mayor, etc.*, 7. N. Y., 315; *Baker* v. *Johnson*, 2 Hill, 348; *Br'klyn Park Com.* v. *Armstrong*, 45 N. Y., 234; *Rexford* v. *Knight*, 11 id., 308; *Sixth Ave. R. R. Co.* v. *Kerr*, 72 id., 530, 532; *Wash. County* v. *P. P. R. R. Co.*, 68 id., 591.) The rule applicable to all titles acquired by legislative appropriations of property to public or *quasi* public uses, limits such title to the contemplated use, and all else remains in the original owner. (*People* v. *Kerr*, 27 N. Y., 196; *Br'klyn Park Com.* v. *Armstrong*, 45 id., 240.) A greater estate or right in lands cannot be taken when an easement or a less estate will suffice, and there is no dif-

ference between taking more land and taking a larger estate than is necessary. (*Barbow* v. *Townsend*, 1 M. & K., 506; *Hooker* v. *W. and N. T. R. Co.*, 12 Wend., 371; *Dunham* v. *Williams*, 36 Barb., 137; 2 Fonbl. Eq. [2d Eng. ed.], 132; 1 id., 439; 4 Kent Com. [5th ed.], 306; 1 Cruise Dig., 399, tit. 11, chap. 4, §§ 20, 32, 34; 2 Sanderson Uses, 79; 1 id., 97, 133, 140; *Van Epps* v. *Van Epps*, 9 Paige, 241; *Tony* v. *Bank of Orleans*, id., 649; 2 Story Eq. Juris., §§ 1199, 1200, 1256, 1258, 1261, 1262, 1265.) The right acquired under the statute is clearly an easement or servitude which may be defined as " a right which one proprietor has to some profit, benefit or lawful use, out of, or over the estate of, another proprietor." (*Ritgor* v. *Parker*, 8 Cush., 145; *Doe* v. *Wood*, 2 B. & Ald., 724; *Keiffer* v. *Imhoff*, 26 Pa., 438; Ired. Leading Cases, 107; 1 Ersk. Inst., 352; *Ex parte Coburn*, 1 Cow., 568; *Wolf* v. *Frost*, 4 Sanf. Chy., 72; *Ontank* v. *L. S. and M. S. R. R. Co.*, 71 N. Y., 194.) The plaintiff may maintain trespass against any one entered upon the land for any other purpose than to construct or maintain a sea-wall or ejectment to recover possession, if acquired for any other purpose, or an action to restrain the use or appropriation of the land, by which the owner's right will be impaired, or the burden upon his estate increased. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Creigh* v. *R. and B. R. R. Co.*, 37 id., 404; *Brondge* v. *Warner*, 2 Hill, 145; *Mahone* v. *N. Y. C. R. R. Co.*, 24 N. Y., 658; *Carpenter* v. *O. and S. R. R. Co.*, id., 655; *Wager* v. *Troy Un. R. R. Co.*, 25 id., 526; *Lozier* v. *N. Y. C. R. R. Co.*, 42 Barb., 465; *Wohler* v. *B. and S. L. R. R.*, 46 N. Y., 686.)

*Sherman S. Rogers*, for respondent. The proceedings under the act of 1864 gave the city the fee simple absolute of the land, and left no reversionary interest in the original owner. (*B'klyn Park Co.* v. *Armstrong*, 45 N. Y., 234; *Heyward* v. *New York*, 3 Seld., 314; *Rexford* v. *Knight*, 11 N. Y., 308; *Heard* v. *City of Brooklyn*, 60 id., 242.) The words " compensation and damages" are used as equivalents

in said act.   (*Un. Canal Co* v. *Young*, 1 Whart. [Pa.], 425.)
The Legislature intended that the whole estate should be
taken and paid for.   (45 N. Y., 240; *Haldeman* v. *Penn. R.
R. Co.*, 50 Pa. St., 439 )   Plaintiff has no interest in the
land which would enable him to maintain either an ejectment
or an action in equity.   (*Williams* v. *N. Y. C. R. R. Co.*,
16 N. Y., 37; 1 Washb. on R. P. [m. p.], 451; *Nicholl* v.
*N. Y. and Erie R. R. Co.*, 1 Kern., 131.)

ANDREWS, J.   The right of the plaintiff to recover in this
action depends upon the question whether the city of Buffalo
by the proceedings taken under chapter 547 of the Laws of
1864 became vested with the fee of the land in controversy.
If the title of the plaintiff's grantor was divested by the
proceedings under the act the deed to the plaintiff conveyed
no title or interest in the premises and he cannot maintain
ejectment, and it is wholly immaterial whether the license
from the common council of the city, under which the
defendant entered upon and laid its track over the *locus in
quo* was or was not valid.   The plaintiff must recover on the
strength of his own title, and if he has none, the question of
the defendant's title is unimportant.

The act referred to is entitled " An act authorizing the
common council of the city of Buffalo to lay out a public
ground for the purpose of maintaining and protecting a sea-
wall or breakwater along the shore or margin of Lake Erie."
The first section authorizes the common council to lay out, make
and open a public ground one hundred and thirty feet wide
along the shore or margin of Lake Erie for the purpose of main-
taining thereon and protecting a sea-wall or breakwater and
to take and appropriate for that purpose certain specified lands
including the premises in controversy.   It provides that the
land shall be " taken and appropriated " in the same manner
and that compensation therefor shall be ascertained and made
as provided in the charter of the city in proceedings for the
taking of land for laying out streets and highways therein.
Upon payment or tender of the compensation awarded to the

owner or owners of the land taken, the section declares that " the fee thereof shall vest in the city of Buffalo for the purpose aforesaid and thenceforth the said land shall be and remain a public ground for the purpose of maintaining and protecting thereon or any part thereof a sea-wall or breakwater and protecting the harbor of said city and the lands adjacent from the encroachments of said lake" and that nothing in the act contained shall prevent the city from acquiring title to the lands described therein, for the purpose stated, by voluntary conveyance from the owner.

The second section provides that when the city shall have obtained " title to the land," either by proceedings under the act or by voluntary conveyance as therein authorized, " the said land shall be subject to the control of the common council of said city as one of the public grounds thereof, except so far as said control may have been heretofore or may be hereafter ceded to the United States," and it authorizes the common council to direct a deed or deeds of conveyance of such land, or any part thereof, to be made in the name of and under the corporate seal of the city to the United States, " for the purpose of erecting and maintaining thereon a sea-wall or breakwater," on condition, to be expressed therein, that the United States shall maintain and keep in repair on said land the said sea-wall or breakwater ; and the section declares that " the execution and delivery of the deed or deeds shall vest in the United States the title to the land for the purpose and subject to the condition aforesaid." The third section prohibits the removal by any person from the premises of any earth, sand or gravel after the lands shall have been conveyed to or taken by the city under the act, without permission of the common council or the United States, as the case may be, or any excavation thereon so as to impair or injuriously affect the sea-wall or breakwater, and makes it a misdemeanor for any person willfully to tear down or remove any part thereof. The fourth section prohibits the erection of any building on the premises taken or conveyed under the act, and makes it a misdemeanor for any

person after the land shall have been appropriated by or conveyed to the city to erect upon or move on to said land any building. The fifth section authorizes the common council to pass ordinances to prevent the erection or placing of any building on the land, or the taking of any earth, sand or gravel therefrom, and for the protection of the sea-wall or breakwater, and to impose penalties for a violation thereof. The sixth section requires the common council upon perfecting the proceedings for taking and appropriating the lands, or upon conveyances thereof, to declare by resolution "the said land to be a public ground for the purpose of maintaining and protecting a sea-wall or breakwater."

It is conceded that proceedings were instituted under this act to take the lands in question, and that by virtue of such proceedings all the interest in the premises in question which the city could acquire thereby became vested in the city. There is therefore no question of regularity to be considered, and it is to be assumed that compensation has been made or tendered to the owner of the land to the full extent authorized by the act. It is claimed, however, that under the act and proceedings thereunder the city acquired an easement only in the premises for the purpose of maintaining and protecting a sea-wall or breakwater, and that the fee of the land remained in the owner subject to this servitude.

This position, if it can be maintained, must rest upon the ground that it was not the intention of the act that a fee should be acquired by the city in the premises taken, and not upon the ground that there was any lack of power in the Legislature to authorize the acquisition by the city by compulsory proceedings of the fee of the land for the use mentioned in the act. The use was unquestionably a public one, and it is well settled that it is within the competency of the Legislature in authorizing land to be condemned for a public use which may be permanent, to determine what estate shall be taken, and to authorize the taking of a fee or any lesser estate in its discretion, and that a fee may be taken although the public use for which the land is to be taken is

special and is not of necessity permanent or perpetual. (*Heyward* v. *The Mayor, etc.*, 7 N. Y., 214; *Rexford* v. *Knight*, 11 id., 308; *Brooklyn Park Comrs.* v. *Armstrong*, 45 id., 234.) It is true as claimed by the plaintiff's counsel that acts authorizing the taking of private property for public use are to be strictly construed and will not be deemed to justify the taking of any greater estate or interest than such as is expressly, or by necessary implication, authorized by the statute under which the application is made. (*The Washington Cemetery* v. *Prospect Park R. R. Co.*, 68 N. Y., 591; *Sixth Avenue R. R. Co.* v. *Kerr*, 72 id., 530.) But, there is no other restraint upon the power of the Legislature to authorize land to be taken for public use, except that which imposes the condition of making compensation to the owners. When the statute authorizes the taking of a fee it cannot be held invalid, or that an easement only was acquired by proceedings thereunder, on the ground that in the judgment of the court the taking of an easement only would accomplish the public purpose which the Legislature had in view. That is a legislative and not a judicial question.

It seems very plain that the Legislature intended by the act in question to authorize the city of Buffalo to acquire by proceedings under the act the fee of the premises described therein. The lands are to be "taken and appropriated" for a use continuous and permanent in its character. The compensation is to be ascertained in the same manner as the compensation for lands taken by the city for streets and highways in which cases as the charter then was, the fee was taken, and there can be no question that the commissioners under the act of 1864 were authorized and required to award the full value of the land taken. The act declares that upon the payment or tender of the compensation award for the lands taken, "the fee thereof shall vest in the city," and the city, "after title to the land shall have been acquired," is authorized to convey to the "United States the said land or any part thereof." It is impossible in view of the clear and unambiguous terms of the statute, which vests in the city a

fee in the lands taken under the act and the right to convey under the limitations mentioned, and provides for the payment to the owner of the full value of his property, to sustain the contention of the plaintiff that the city took an easement only, which is not a title or estate in land but a mere privilege therein distinct from any ownership of the soil. It is claimed that the interest taken by the city is for a special purpose, to wit : the maintaining and protecting of a sea-wall, and this purpose is repeatedly declared in the act. But we perceive no inconsistency in declaring the particular use for which the city is to take and hold the land, and at the same time providing that it should take a fee. The particular use declared is in the nature of a trust engrafted on the fee, and the people through its proper officer could compel the city to observe the trust, or restrain it from any use of the land inconsistent with it. The purpose expressed does not qualify the estate taken but simply regulates and defines the use for which it shall be held. The argument that the act makes provision for the protection of the property and authorizes the common council to do certain things which it would be unnecessary to provide for if the city became the general owner is not, we think, entitled to much weight, in view of the explicit declaration of the act that the fee of the land acquired under the act should vest in the city. The principle of construction that authorizes the examination of an entire statute or instrument to ascertain the meaning of any part, when the meaning is ambiguous or obscure, is well settled, but in this case there is no need of construction. The word *fee* has a clear, definite and legal signification and is wholly inconsistent with the claim that an easement in the land only was authorized to be taken.

The objection that the act is void under section 16 of article 3 of the constitution is not well taken. The title, we think, sufficiently indicated the subject of the act. It would be expected that in an act authorizing a municipal corporation to lay out a public ground provisions would be found for condemning land for that purpose. The conclusion is

that the plaintiff failed to establish any right or title to the premises in question and the judgment must therefore be affirmed.

All concur.

Judgment affirmed.