Elizabeth Greenleaf et al., Appellants, *v.* The Brooklyn, Flatbush and Coney Island Railway Company et al., Respondents.

The sole effect of the partition of land, by judgment in an action for that purpose, is to give title in severalty where before it was in common, and to settle and establish the title between the parties and their privies; it does not create title as against strangers where none existed before.

Where, therefore, in an action of ejectment plaintiffs claimed title under deeds given under a judgment in a partition suit, to which defendants were not parties and had no connection therewith, *held*, that in order to sustain the action, and in the absence of any proof of possession of the land by the parties to the partition suit or their predecessors in interest, plaintiff was bound to show a subsequent possession prior to the possession of defendant; also that mere payment of taxes, claim of title and assertions of ownership, even when made upon the land, did not show the actual possession which raises the presumption of title sufficient to maintain ejectment.

Also *held*, that admissions to the effect that plaintiffs owned the land, made by one from whom defendants took a deed, when neither he nor plaintiffs were in possession, did not bind the defendants who subsequently took possession claiming to be the owners, and who relied upon their possession as sufficient evidence of ownership as against plaintiffs.

Reported below, 71 Hun, 91.

(Argued February 2, 1894; decided February 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 21, 1893, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term dismissing the complaint.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Mornay Williams* and *Frederic A. Ward* for appellants. The dismissal of the complaint in this action is based on the fact that the plaintiffs did not show either a connected chain of title back to the sovereign or a *pedis possessio* of the premises. Such dismissal was error. (132 N. Y. 408.) The pos-

session which is required is such possession as shall show that the title under the earlier conveyances had not been relinquished or abandoned by those holding at the time of the commencement of this action. (*Bliss* v. *Johnson*, 94 N. Y. 235; *Smith* v. *Lorillard*, 10 Johns. 338.) The new evidence on this trial is sufficient to meet this requirement. (*Jackson* v. *Scissam*, 3 Johns. 499; *Jackson* v. *Beard*, 4 id. 230; *Pitts* v. *Wilder*, 1 N. Y. 525; *Chadwick* v. *Fonner*, 69 id. 404; *Davies* v. *Pearce*, 2 Term Rep. 53; *Walker* v. *Broadstick*, 1 Esp. 458.) The holding of the court below that it was incumbent upon the plaintiffs, in order to establish *prima facie* their right to possession of the property in suit, to prove a proper conveyance from a party having the title, and that this required a conveyance from a person in peaceable possession of the land under claim of title at the time of the execution of the deed, or a grant from the sovereign, and a regular title from such grantees to themselves, is erroneous. (*Smith* v. *Gale*, 44 U. S. 509; *Ellicott* v. *Pearl*, 10 Pet. 412.) The plaintiffs proved a documentary title by the introduction of the Chancery proceedings in evidence, as the judgment in partition imported seizin, and showed that the parties to the suit were in the actual or constructive possession of the premises. (*Burhans* v. *Burhans*, 2 Barb. Ch. 398; 4 Kent's Comm. 365; *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111; *Phelps* v. *Green*, 3 id. 302; *Beekman* v. *Witter*, 2 Johns. 180; *Wallace* v. *Cox*, 71 Ill. 548; *Ensign* v. *McKinney*, 30 Hun, 249, 253; Lawson on Pres. Ev. 27; *Rex* v. *All Saints*, 7 B. & C. 789; *Moore* v. *Titman*, 33 Ill. 358; *Hartwell* v. *Root*, 19 Johns. 345; *Grignon* v. *Astor*, 2 How. [U. S.] 319; *Clapp* v. *Bromagham*, 9 Cow. 569; *Prior* v. *Prior*, 49 Hun, 502; *Blakely* v. *Calder*, 15 N. Y. 617; *Howell* v. *Mills*, 56 id. 226; *Jordan* v. *Van Epps*, 85 id. 427; *Jenkins* v. *Fahey*, 73 id. 355, 361; *Cromwell* v. *Hull*, 97 id. 209; *Woodhull* v. *Little*, 102 id. 165; *Reed* v. *Reed*, 107 id. 545; *Cole* v. *Hall*, 2 Hill, 625; *Appelgate* v. *L. & C. C. M. Co.*, 117 U. S. 255.) The plaintiffs offered in evidence two tax receipts, to which objection was made and the objection sustained and the receipts

excluded. The exclusion of these receipts was error. (*Thompson* v. *Burhans,* 79 N. Y. 95.)

*William C. De Witt* for respondents. The plaintiffs having failed to show possession of the land in suit, either in themselves or their grantors, and having neglected to trace their paper title in regular course to the sovereign, the judgment of the General Term must be affirmed. (*Gardner* v. *Hart,* 1 N. Y. 528; *City of Cincinnati* v. *White,* 6 Pet. 431; *Clute* v. *Voris,* 31 Barb. 511, 518; *Miller* v. *L. I. R. R. Co.,* 71 N. Y. 380; *Edwards* v. *Noyes,* 65 id. 125; *Roberts* v. *Baumgarten,* 110 id. 380.) The judgment in partition introduced by the plaintiffs was not sufficient to prove seizin or possession against the defendants, who were not parties or privies thereto. (*DeGraff* v. *Hovey,* 16 Abb. Pr. 120; *Sheridan* v. *Andrews,* 49 N. Y. 484; *Campbell* v. *Hall,* 16 id. 579; *Ainslee* v. *Mayor,* 1 Barb. 169; *Douglas* v. *Howland,* 24 Wend. 35; *Clark* v. *Montgomery,* 23 Barb. 464; *Armstrong* v. *Munday,* 5 Den. 166; *Ten Eyck* v. *Frost,* 5 Cow. 346; *Monarque* v. *Monarque,* 80 N. Y. 326; *Denning* v. *Corwin,* 11 Wend. 648; *Bloom* v. *Burdick,* 1 Hill, 140; *Sanford* v. *White,* 56 N. Y. 356; *Jackson* v. *Newton,* 18 Johns. 355; *Northrop* v. *Wright,* 7 Hill, 476, 490; *Averill* v. *Wilson,* 4 Barb. 180; *Bigelow* v. *Fuich,* 11 id. 498; *Sparrow* v. *Kingman,* 1 N. Y. 242.) The appellants having failed to identify the premises described in their deed with the premises in the possession of respondents, their action failed. (21 N. Y. S. R. 946.) The declarations of the deceased surveyor were incompetent. (*Hunnicutt* v. *Peyton,* 12 Otto, 333.)

EARL, J. The facts of this case are not materially different from those which appeared in the record when the case was before the Second Division of this court upon the former appeal (132 N. Y. 408). Now as then the plaintiffs rely mainly for their title upon a deed given under a partition of land by action between parties who are not shown ever to have had title to the land or the possession thereof.

A partition of land by action does not create title where none existed before. The sole effect can be to give title in severalty where before it was in common ; and it establishes and settles the title between the parties to the action and their privies. It cannot have greater effect than a voluntary partition of the land by and between all the parties interested therein.

Such an action is not a proceeding *in rem* as such a proceeding is known to the law. In such a proceeding involving property the *res* is seized and really made defendant, and an adjudication establishing its liability or its status, if regularly made, binds the whole world. It has been found difficult to give a precise and comprehensive definition of a proceeding *in rem* or a judgment *in rem*, and we need not attempt it now. (2 Phil. Ev. 5 ; 2 Smith's Leading Cases, 585 ; Freeman on Judgments [3d ed.], 654 ; *Woodruff* v. *Taylor*, 20 Vt. 65 ; *Mankin* v. *Chandler*, 2 Brock. 125.)

In a partition action the land is not seized, and in no proper sense is it proceeded against. The action is commenced, and the court obtains jurisdiction, not by service of process upon the land, but by service upon the persons jointly interested therein ; and without the presence of persons properly made parties the court obtains no jurisdiction and its judgment would be an absolute nullity, binding upon no one. Such an action is no more a proceeding *in rem* than a foreclosure action, or any other action the purpose of which is to enforce or establish the rights and interests of parties in land.

Therefore, as the plaintiffs do not trace their title to the original patentee thereof, and are thus unable to show a chain of paper title, they must fail to recover the land in this action because neither they nor those under whom they hold ever had the actual possession thereof. (*Miller* v. *Long Island R. R. Co.*, 71 N. Y. 380 ; *Roberts* v. *Baumgarten*, 110 id. 380.)

There need be no misapprehension as to what was decided upon the prior appeal. It was there held that the deeds under the partition judgment were competent evidence, and yet not of themselves sufficient evidence to show title in the plaintiffs

good as against the defendants in possession, and that the plaintiffs in order to establish a right to recover in this action, in the absence of any possession of the land prior to their deeds, must show subsequent possession thereof prior to the possession of the defendants. This they utterly failed to do. Mere payment of taxes, claim of title, assertions of ownership made even upon the land, mere words however emphatic, do not show the actual possession which raises the presumption of title sufficient to maintain ejectment.

The defendants do not claim title under the partition action and have no relation whatever to that action. Assuming that they took a deed from William A. Engeman, he did not claim any title under that action, and it does not appear that he ever had any title or possession, and his admission, if he made one, that the plaintiffs owned the land, neither he nor they being at the time in possession of the land, does not bind the defendants subsequently taking possession of the land and claiming to be the owners thereof, and relying upon their possession as sufficient evidence of ownership against the plaintiffs.

We, therefore, see no reason to doubt that the judgment below is right and it should be affirmed.

All concur.

Judgment affirmed.