BAKER v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department.   December 18, 1897.).

1. CONDEMNING LAND FOR PARK—APPEALABLE ORDER.
   An order confirming the report of commissioners in a proceeding by the city of Rochester under the "Park Act" (Laws 1888, c. 193) to condemn land for a park is appealable as an order in a special proceeding.

2. SAME—RETENTION OF EASEMENTS—DRAINAGE.
   Under Laws 1888, c. 193 (Park Act) § 10, providing that, on compensation being paid for land taken by the city of Rochester for park purposes, the fee vests in the city; and section 29, authorizing the city to sell lands so acquired,—that portion of a system of drains maintained by a landowner for the benefit of all his farm which passed through the part of the farm condemned becomes the absolute property of the city, and no easement of drainage for the residue of the land remains in the former owner.

3. SAME—PROPERTY IN DRAIN—COMPENSATION.
   The right to maintain existing drains through a portion of a farm condemned, for the benefit of lands not condemned, is property which cannot be taken without compensation.

4. SAME—DISCONTINUANCE OF HIGHWAY.
   Laws 1888, c. 193 (Park Act) § 3, providing for the discontinuance of highways on land condemned for a park, does not authorize their discontinuance without compensation.

5. SAME—ASSESSMENT OF DAMAGES.
   The charter of Rochester (subdivision 4, § 168) giving the executive board the same power to discontinue streets as that possessed by the commissioners of highways in towns as to town roads, and requiring the same proceedings to be had as are provided for town roads, applies only to ordinary proceedings to discontinue streets or highways. and not to a special proceeding by the city, under Laws 1888, c. 193 (Park Act), to take for park purposes land on which there is a highway, but the damages for the taking of the highway should be assessed by the commissioners appointed under the latter statute.

Appeal from special term, Monroe county.

Proceeding by the city of Rochester against Benjamin M. Baker to condemn land for park purposes. From an order confirming the report of commissioners, defendant appeals. Reversed.

Appeal from an order of the Monroe special term confirming the report of commissioners in this proceeding, which order was entered in Monroe county clerk's office on the 29th day of December, 1896, and bringing up for review a prior order appointing the commissioners. The proceedings were instituted by the city of Rochester, under the "Park Act," applicable to said city, being chapter 193 of the Laws of 1888, and amendments, to acquire, by condemnation, certain lands for the purchase of which agreement could not be made with the owner. The result of the proceedings was an award by the commissioners of $2,600 for the land taken, being a sum much less than claimed by the appellant. The proceedings were under the provisions of the park act with reference to condemnation, and not under the general condemnation law. Proceedings were taken through the common council of the city, as provided by its charter. The land condemned was about 12 acres fronting upon the east side of the Genesee river, within the corporate limits of the city. It was the front of the appellant's farm, of about 140 acres, the farm stretching to the eastward from the river. It was a valuable farm. As it sloped to the east, the land descended, and, in high water in the Genesee river, was more or less submerged. To relieve the farm from this water and other surface water, a series of drains had been constructed by the appellant, which drained 60 acres of the farm lying directly back of the 12 acres. These drains, upon reaching the 12 acres, converged into one large trunk ditch or sewer, with 12 or 15 inch tile, which sewer was sunk in the ground low enough to carry

off the water, and empty it into the Genesee river. These 12 acres were the highest grounds in the farm and dry land. These drains were necessary to drain the farm from water, and upon the 12 acres was the only orchard on the farm, which was a valuable one. The buildings upon the farm were east of the 12 acres, and passing through the 12 acres, and in front of the farm buildings, was a highway, called the "River Road," which was constantly used by the appellant, and the only direct, convenient access to the city of Rochester.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John D. Lynn, for appellant.
Eugene J. Dwyer, Asst. Corp. Counsel, for respondent.

WARD, J. Considerable evidence was given in behalf of each side of this controversy before the commissioners, to ascertain the damages that should be awarded to the appellant for taking his lands for park purposes; and, upon the hearing of the proceedings, the appellant sought to show the damages that would result to him from being deprived of the system of ditches that had been constructed to relieve his farm from water, and which connected with the Genesee river through the 12 acres fronting upon the river that the city sought to take and condemn for park purposes. He also offered to show the damages that would result to him from having the highway or river road transferred to the jurisdiction of the park commissioners, and embraced within the park. This evidence was objected to by the corporation counsel, and was ultimately rejected by the commissioners; they holding that neither item of damage could be considered by them, and giving the appellant an exception; so that these questions are fairly before us, and being the only questions argued by the learned counsel for the appellant as grounds of error. The special term did not decide these questions, holding that it had not jurisdiction to do so under the park act, and that any error of the commissioners in regard to the exclusion or admission of testimony could only be corrected by appeal. The learned counsel for the respondent, however, contends that the order confirming the report of the commissioners is not appealable, as no right to appeal is given by the charter in such a case. This is a special proceeding, and is properly appealable to this court, under title 5 of chapter 12 of the Code of Civil Procedure. And see In re City of Buffalo (Super. Buff.) 1 N. Y. Supp. 763, and In re City of Rochester, 137 N. Y. 243, 33 N. E. 320.

It must be conceded that, if the remainder of the appellant's farm not taken by the city for park purposes is deprived of its system of drainage, the appellant will suffer serious damage. The theory upon which the commissioners excluded the evidence as to this damage, and which is urged by the learned counsel for the city here, is that this proceeding does not acquire any right to cut off or otherwise interfere with the drains existing upon the lands to be taken; but the appellant's drainage system will remain intact with his right to make the necessary repairs thereon from time to time, notwithstanding the appropriation of the lands for park purposes. The

difficulty with this contention is that when the land is condemned, and paid for by the city, it becomes, under the park act, the property of the city. The title in fee to the realty vests in the city. The absolute control of the lands thus taken for park purposes is secured to the city by legislative decree. There is no reservation of easements, water rights, or other privileges as connected with other portions of the property of the landowner from which the condemned premises are taken. Section 3 of the park act declares that the land taken for park purposes is for a public use. Section 10 provides that, upon the landowner being paid a compensation for the land so taken, "the fee of the lands shall vest in the said city of Rochester for the uses and purposes named in this act, and the same shall be held by the said city for such purposes and uses forever." The fourteenth section provides that in all cases where any real estate subject to any lease or other agreement shall be taken under the condemnation proceeding, all covenants and stipulations contained in such lease or agreement shall, upon final confirmation of the report of the commissioners, cease, determine, and be discharged. Section 29 provides that lands acquired by the city under the provisions of the act, except such as may come to it by gift, if the park commissioners shall determine the same is unnecessary to be longer used for park purposes, may be sold at public auction, and the proceeds put into the city treasury. Indeed, the whole scope of the act indicates a determination by the legislature to secure to the city the exclusive right, use, and title to the property taken without reservation or exception. The implied reservations of the easement to pass the water accumulated upon the farm through the 12 acres would be inconsistent with the use of the 12 acres as a park. If the easement existed, the appellant would have the right to enter upon the park to repair the tile ditch when necessary in order to preserve the right of drainage. In so doing, he might have to tear up the walks, grass plats, or destroy shrubbery in the park, and interfere with its use as a park.

The following cases may be profitably consulted upon the question as to what estate or title vests in the city to the land acquired for park purposes: Sweet v. Railway Co., 79 N. Y. 293; In re Water Commissioners of Amsterdam, 96 N. Y. 351; Rexford v. Knight, 11 N. Y. 308; Lewis, Em. Dom. par. 396, § 278; Birdsall v. Cary, 66 How. Prac. 358; Vandermulen v. Vandermulen, 108 N. Y. 195, 15 N. E. 383. The right to appropriate property for public use includes not only the tangible thing owned, but every right and incident which accompany ownership. In case of land it includes any right or easement, and it has been held that it even includes a right of action for injuries to land. 6 Am. & Eng. Enc. Law (1st Ed.) p. 530, and cases cited. The right to maintain the drain through the 12 acres is property, and it cannot be acquired of the owner without compensation. Arnold v. Railroad Co., 55 N. Y. 661; People v. Haines, 49 N. Y. 587. It is within the power of the legislature to authorize lands to be condemned for public use which may be permanent, to determine what estate shall be taken, and to

authorize the taking of any fee or vested estate in its discretion. Sweet v. Railway Co., supra.

The learned counsel for the city argues that the rights of the parties in this proceeding as to the title obtained by condemnation of the 12 acres must be governed by the same principles that would obtain if the appellant had voluntarily conveyed the 12 acres to the city without reserving the right of drainage; and, as to the rule in such cases, he cites Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978; Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18; Roberts v. Roberts, 55 N. Y. 275; Lampman v. Milks, 21 N. Y. 505.

In Burr v. Mills, 21 Wend. 292, Judge Cowen says:

"If a man conveys land which is covered by his mill pond without any reservation, he loses his right to flow it. There is no room for implied reservation. A man makes a lane across one farm to another, which he is accustomed to use as a way, and he then conveys the former without reserving a right of way; it is clearly gone. A man cannot, after he has absolutely conveyed away his land, still retain the use of it for any purpose without express reservation."

And see Treadwell v. Inslee, 120 N. Y. 458, 24 N. E. 651; Outerbridge v. Phelps, 13 Abb. N. C. 133.

Judge Vann, In Wells v. Garbutt, supra, says that:

"As a grantor cannot derogate from his own grant, while the grantee may take the language of the deed most strongly in his favor, the law will imply an easement in favor of the grantee more readily than it will in favor of a grantor, and this distinction explains many of the apparent inconsistencies in the reported cases."

And the rule governing such cases is stated as follows:

"Where the owner of two parcels of land conveys one by an absolute and unqualified deed, we think that an easement will be implied in favor of the land retained by the grantor, and against the land conveyed to his grantee, only in case the burden is apparent, continuous, and strictly necessary for the enjoyment of the former."

The respondent's counsel claims that this rule covers this case, and that the easement is retained by the appellant under the park act. We cannot concur in this contention, as we have shown the city stands upon its title under the statute, which excludes the appellant from all right, title, and interest in the premises, upon the damages that have been awarded being paid to him. The rule claimed in the cases cited by the respondent have no application.

The other question presented, as to the right of the appellant to damages growing out of the appropriation of the river road, remains to be considered. · The third section of the park act provides that the commissioners "may take any part or parts of existing streets and change the lines thereof. * * * All parts of streets, avenues and highways now laid out as running through said lands are hereby closed and discontinued so far as the same would run through or intersect any of said lands, except park-ways and streets connecting parks." The counsel for the city insists that no damages can be assessed for the discontinuing of the highway under the park act, because, by subdivision 4 of section 168, the charter of the city of Rochester, which defines the power of the common council as to improvements, etc., provides that:

"The executive board whenever authorized by the common council shall have the same power with respect to said city to discontinue any street therein as is now by law possessed by commissioners of highways of towns with respect to roads in towns, and the same proceedings shall be had and the same appeals shall lie from the decision of the said executive board * * * as are now provided by law in reference to towns so far as applicable."

This section should be construed in connection with the sections of the park act from which we have quoted. We are not to regard the legislature as intending the park act to provide for the discontinuance of highways that might intersect the parks without compensation to the owner affected by the discontinuance, as it would be unconstitutional to discontinue a highway without compensation to those injured thereby. Egerer v. Railroad Co., 130 N. Y. 108, 29 N. E. 95. The highway law referred to in the section of the charter recognizes the right of the owner of lands through which a highway passes to damages for its discontinuance. The argument of the city's counsel amounts to this: That while, under the park act, park commissioners have full authority to assess all damages, and specially provides for the park commissioners taking possession of highways for park purposes, the landowner must be remitted to another and different proceeding to secure his damages for the discontinuance. This circumlocution is unnecessary. The constitution of this state (article 1, § 7) provides that the damages shall be ascertained by a jury, or by not less than three commissioners.

As we have said, the purpose of the park act is to ascertain all the damages in one proceeding which the landowner may sustain. The proceeding to discontinue highways under subdivision 4 of the city charter quoted, where damages are to be ascertained, is applicable only to the ordinary proceedings to discontinue highways. The three commissioners provided for in the park act are a constitutional body to ascertain the damages. If it be said that the damages cannot be assessed in the park proceeding, because it cannot be known whether the park commissioners will discontinue the road, the answer is that the damages must be assessed upon the assumption that the commissioners will exercise all the power conferred upon them by the park act. But by the park act the highway is discontinued, and all that remains is the assessment and the payment of the damages to confer all the title and interest of the appellant in the highway upon the city. The appellant certainly had a deep and vested interest in the highway which passed in front of his dwellings; and was his means of communication with the city of Rochester. If this highway were discontinued, or his right to pass upon it at any time of the day or night abridged, he would be compelled to pass over a more circuitous route, and at a distance several miles greater, to reach the city; so that his interest in the highway was substantial and pecuniary.

We think that the three commissioners appointed under the park act to ascertain the appellant's damages had the right, and it was their duty, to ascertain his damages as to the interruption of his drains to the river, and as to his interference with the use of the river road. The refusal of the commissioners to consider these

questions was error, and for that reason the order of the special term confirming the report of the commissioners should be reversed, with costs. All concur.