### BAKER et al. v. DUFF et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. EVIDENCE (§ 592*)—WEIGHT—EVIDENCE GIVEN BY ADVERSE PARTY.

Where an answer of defendant's grantors in a prior action in the federal court was admitted in plaintiff's action of ejectment, and received generally, it was in the case for all purposes, and inured to the benefit of defendants, as well as plaintiffs.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2429; Dec. Dig. § 592.*]

2. EJECTMENT (§ 16*)—SOURCE OF TITLE—POSSESSION.

Where the parties to an ejectment suit did not claim through a common source of title, and plaintiffs did not trace their title back to the sovereign, they could not recover, without proof of actual possession in plaintiff, or his predecessor in title, at some time prior to defendant's possession.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 30–41; Dec. Dig. § 16.*]

3. ADVERSE POSSESSION (§ 13*)—TIME.

Actual adverse possession by defendants by their predecessors in title for more than 30 years continuously, without being questioned or attacked, was sufficient to confer title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65–76; Dec. Dig. § 13.*]

4. LIMITATION OF ACTIONS (§ 80*)—RECOVERY OF REAL PROPERTY.

Where the right to possession of the premises in controversy by plaintiff's testator, if he had any, accrued on March 24, 1838, and he died June 4, 1887, his right of action was barred by limitations prior to his death, and his death did not create a new right of possession in his devisees.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 424; Dec. Dig. § 80.*]

5. LIMITATION OF ACTIONS (§ 195*)—BURDEN OF PROOF.

Where, in ejectment, the statute of limitations was pleaded and formed one of the issues tendered, it was incumbent on plaintiffs to give some evidence that the cause of action was not barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 711–716; Dec. Dig. § 195.*]

Appeal from Trial Term, Richmond County.

Action by Theodore Baker and others against Mary E. Duff and another. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Frank Hendrick (Ernest M. Garbe, on the brief), for appellants.
Charles E. Hill, for respondents.

RICH, J. The plaintiffs base their right to possession upon a title derived under the last will of their deceased father, John Baker (admitted to probate December 2, 1887), who, it is claimed, derived title thereto from Jeremiah Baker and wife on March 24, 1838. It is not shown that either of the plaintiffs, or any of their predecessors in title, ever had actual possession of the premises in dispute. The defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claim title through a conveyance from Emma H. Griffith, Ella H. Post, and Minnie Van Riper, on July 18, 1890, under which deed they entered into immediate possession, which they have since retained. Adverse possession and the statute of limitations are both pleaded in defendants' answer.

The plaintiffs put in evidence a certified copy of a portion of the answer of the defendants' grantors in an action brought against them in the federal courts by James H. Hatfield and others, verified on April 23, 1894. This evidence, being offered and received generally, is in the case for all purposes, and, being offered, as is contended, for the benefit of the admissions it contains favorable to the plaintiffs, it inures to the benefit of the defendants as well. People ex·rel. Perkins v. Moss, 187 N. Y. 410, 428, 80 N. E. 383, 11 L. R. A. (N. S.) 528. It appears that one Jacob Hatfield, the grantor of defendants' grantors, was in possession of the premises in 1876 under a devise contained in the will of one Mary Wood, a tax deed, and a deed from Samuel Sneden, the surviving husband of a daughter of the testatrix, and tenant by curtesy of the premises; that Hatfield, on May 5, 1890, conveyed the premises to the grantors of the defendants; and that under said deed the latter entered into the possession of the property. When the plaintiffs rested their case, the defendants moved to dismiss the complaint upon the grounds that they had failed to make a case, and that their cause of action was barred by the statute of limitations, which motion was granted.

I think the learned trial justice was clearly right in his disposition of the case, for three reasons:

First. There was no proof in the case that the parties derived their rights through a common source of title, and title in the plaintiffs was not traced back to the sovereign. Under such conditions I understand the rule to be that plaintiff, in an action of ejectment against defendants in possession, cannot recover without proof of actual possession in himself or his predecessors in title at some time prior to the possession of the defendant. Greenleaf v. B., F. & C. I. Ry. Co., 141 N. Y. 395, 36 N. E. 393.

Second. The plaintiffs had shown that the defendants and their predecessors in title had been in the actual possession for more than 30 years continuously, and, so far as the evidence shows, such possesion had never been questioned or attacked.

Third. The right to possession of the premises of plaintiffs' testator, John Baker, if he had any, accrued when he took his conveyance on March 24th, 1838. He died June 4, 1887. The statute of limitations had barred an action by him 29 years before his death. His death created no new right of possession in his devisees, for the statute had fully run against him in his lifetime. Messinger v. Foster, 115 App. Div. 689, 101 N. Y. Supp. 387. His will does not mention the property in dispute, or assert any rights in it, but in general terms gives and devises his entire estate to his children. The statute of limitations being pleaded and forming one of the issues tendered, it was incumbent upon the plaintiffs to give some evidence showing that the cause of action was not barred. Hulbert v. Nichol, 20 Hun, 454, 457; U. S. Trust Co. v. Stanton, 76 Hun, 32, 27 N. Y. Supp. 614; Burdick

v. Hicks, 29 App. Div. 205, 207, 51 N. Y. Supp. 789; Mason v. Henry, 152 N. Y. 529, 539, 46 N. E. 837.

The judgment must be affirmed, with costs.