238 EAST 9TH STREET CORP., Respondent, *v.* MICHAEL BERNICH, Appellant.

First Department, December 18, 1962.

*Harry Gilgulin* of counsel (*S. Herman Klarsfeld* with him on the brief; *Serge G. Mihaly,* attorney), for appellant.

*Joshua J. Angel* of counsel (*Jankell & Angel,* attorneys), for respondent.

*Per Curiam.* Plaintiff sues in ejectment to oust defendant from a certain tract of land known as Lot 31 of Block 464 in the Borough of Manhattan, and to enjoin defendant from any interference with the property. Plaintiff has been awarded summary judgment.

It is elementary that in such an action plaintiff must establish his own title to the land and he may not rely on the weakness

of defendant's title (*Roberts* v. *Baumgarten*, 110 N. Y. 380; *Sweet* v. *Buffalo, N. Y. & Philadelphia Ry. Co.*, 79 N. Y. 293). In order to show title plaintiff must establish either a chain of title going back to the sovereign or to a source common to both claimants (*Baker* v. *Duff*, 136 App. Div. 13, affd. 202 N. Y. 570) or that his predecessors in title were in possession at some time prior to defendant's possession (*Greenleaf* v. *Brooklyn, Flatbush & Coney Is. Ry. Co.*, 141 N. Y. 395).

With these principles in mind, we look to the record to see how plaintiff has met the requirements. Lot 31 fronts on East 9th Street, being 26 by 55 feet in depth, and was in the first half of the preceding century a carriage yard used by neighboring householders under easements granted by the then titleholder, one Thomas E. Davis, who was the grantee of a deed to the entire Block 464 from Nicholas W. Stuyvesant dated February 1, 1831. Plaintiff purchased this Lot 31, together with the adjoining Lot 32, and received a deed from the then owner, Kor-Bru Associates, Inc., on October 31, 1961. This grantor had in turn purchased the property and had a deed dated January 22, 1958. This last deed is stated to be a Referee's deed in foreclosure, though there is no proof of this. The deed purports to transfer title to Lot 32 and whatever interest the grantor had to Lot 31, the lot in question. Assuming the fact is, as stated, that this is a Referee's deed after foreclosure, there is no showing of what interest the mortgagor had. Obviously, the Referee can convey no greater interest than that held by the mortgagor (*Schwartz* v. *Rehfuss*, 129 App. Div. 630, affd. 198 N. Y. 585).

The record therefore shows no chain of title running back either to the sovereign or to a common grantor, nor does it show that any of plaintiff's predecessors were ever in possession of this lot. Failing to establish his title, plaintiff should not have been awarded summary judgment.

The order granting judgment should be reversed on the law, with costs, and the motion for summary judgment denied.

Rabin, J. P., Valente, McNally, Eager and Steuer, JJ., concur.

Order and judgment (one paper) unanimously reversed upon the law, with costs to the appellant, and the motion for summary judgment denied.