Gtabrielli, J. (dissenting).
I disagree with the assumption used in the majority opinion that “ the only question raised on a motion to dismiss in a declaratory judgment action is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment.” The complaint must also allege facts, which if proved, would entitle the plaintiff to the relief sought (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., TÍÜ3001.12, 3001.13). In my view, no such facts have here been alleged.
Paragraph “ Sixth ” of the complaint states that the State was “ aware ” that the subject premises contained in excess of 300,000 cubic yards of sand and gravel. Paragraph ‘ ‘ Seventh ” states that the premises contain in excess of 4,300,000 cubic yards of sand and gravel. There is no allegation, nor any indication of any possible proof, that the State needs, or intends to use, only 300,000 cubic yards, or approximately 7% of the available material. In fact, one of the plaintiffs’ affidavits concedes that the Power Authority is extracting and is continuing to extract “ hundreds of thousands of cubic yards of gravel from the property in question ”.
The majority erroneously state that the Power Authority and the State acknowledge that not all of plaintiffs ’ property will be utilized for a public use. Neither the record nor any document before this court justifies such a statement, and to predicate a vital determination upon such an erroneous premise is not warranted. Additionally, an examination of the very document under attack together with the affidavit submitted by plaintiffs clearly arid succinctly belies the majority’s unwarranted statement.
Bather clearly, the necessity for the use of the entire parcel has not been challenged. The basis of the complaint lies in paragraph “ Twelfth ” where it is alleged that condemnation of land in fee constitutes an excessive appropriation; and. that *607 the purpose of such condemnation was to deprive plaintiffs of the true value of the gravel deposits. Since, as previously noted, no facts are alleged that the condemnation of the fee was not necessary for the public use intended, the statements in paragraph “ Twelfth ” are conclusory and unsubstantiated.
The Power Authority is empowered under section 1007 of the Public Authorities Law to appropriate the subject land and subdivision 9 of that section provides that fee title may be. taken. In deciding a claim that a greater estate or right in lands cannot be taken when an easement or á lesser estate will suffice, this court in Sweet v. Buffalo, N. Y. & Phila. Ry, Co. (79 N. Y. 293, 300) stated that: 1 ‘ When the statute authorizes the taking of a fee it cannot be held invalid, or that an easement only was required by proceedings thereunder, on the ground that in the judgment of the court the taking of an easement only would accomplish the public purpose which the Legislature had in view. That is a legislative and not a judicial question.”
Where, as here, the State appropriated the fee for the sole purpose of extracting “ hundreds of thousands of cubic yards of gravel ”, we cannot say that such a taking was arbitrary and capricious. Absent unreasonableness, an appropriation made in good faith will not be interfered with by the courts (Cuglar v. Power Auth. of State of N. Y., 4 Misc 2d 879, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006; Kaskel v. Impellitteri, 306 N. Y. 73; People v. Fisher, 190 N. Y. 468, 477). Within the sound exercise of legislative discretion, the necessity for an appropriation of lands for public use is solely a legislative function (Cuglar v. Power Auth. of State of N. Y., supra; Kaskel v. Impellitteri, supra; County of Broome v. Trustees of First M. E. Church, 37 A D 2d 1036; Harwell v. United States, 316 F. 2d 791). There are no allegations in the complaint or factual representations in plaintiffs ’ affidavit to indicate that the Power Authority acted irrationally or in bad faith. Bather, the Power Authority, in rendering a public function, appropriated land necessary for the completion of a public construction project. By no reading of this record are there any factual questions raised or is there any arbitrary or capricious conduct indicated. Consequently, the courts are prevented from reviewing a matter solely within the jurisdiction and discretion of the Legislature.
*608 Accordingly, the order of the Appellate Division should be reversed and the certified question should be answered in the affirmative.
Chief Judge Fuld and Judges Burke, Jasen and Wachtler concur with Judge Jones ; Judge Gajbrielli dissents and votes to reverse in a separate opinion in which Judge Breitel concurs.
Order affirmed, with costs. Question certified answered in the negative.