*J. M. Wilkin*, for executors.    *Greene & Bedell*, for Theodore L. Boyd.    *G. O. Hulse*, special guardian.

COLEMAN, S.    The contest in this matter has finally narrowed down to three questions: *First*, the validity of the legacy of Thaddeus J. Boyd; *second*, whether the opposition to the probate of the will, made by Theodore L. Boyd, invalidated the legacy given him by the will; *third*, as to the validity of the forty-ninth, or residuary, clause of the will.

With reference to the *first* of these questions the language of the will is: "I give and bequeath to Thaddeus J. Boyd the sum of one thousand dollars, provided he will write his name in all future time, T. Jackson Boyd; but if he refuses so to do, then I only give him five hundred dollars, and the balance, or $500, to revert back to my residuary estate." It is alleged that the gift is void for uncertainty; that the condition imposed by the testator is dependent upon the whim or caprice of the beneficiary, and cannot, therefore, be ascertained or judicially determined. It is my opinion, however, that the gift is valid, and is vested, subject to be defeated by a breach of the condition, which is a condition subsequent, and one which may be fully complied with. There was some evidence upon the hearing that the legatee has, so far, complied with this condition. The executors should ascertain, however, before paying over the legacy, that the legatee has met the requirements imposed by the testator. *Dustan* v. *Dustan*, 1 Paige, 509. In the event of a subsequent breach, the parties next entitled have their action to recover. *Davies* v. *Lowndes*, 2 Scott, 71; *Taylor* v. *Mason*, 9 Wheat. 325; *Luscombe* v. *Yates*, 5 Barn. & Ald. 544; *Tilden* v. *Tilden*, 13 Gray, 103.

And as to the *second*, the testator's will contains the following: "Should any person or society be dissatisfied with any gift herein made, then, in that case, said gift shall be wholly withheld." Theodore L. Boyd, who is given a legacy of $200, has filed objections to the probate of the will as a whole, for insufficiency of execution, and also as to the validity of a number of its provisions, particularly of the residuary clause, and a contested probate has been had by reason of such objections. The language of the will relating to this subject is so indefinite and uncertain that the testator's intention cannot, with any certainty, be ascertained. Apparently any dissatisfaction as to any gift therein made is sufficient to debar a legatee from taking a legacy. A condition so broad and sweeping, if intended, could not be enforced, for it could not be ascertained whether it has been violated. I am of the opinion that the contestant has not forfeited his legacy. *Jackson* v. *Westerfield*, 61 How. Pr. 399, (407,) and cases cited.

*Third.* After making some forty-odd items in his will, the testator finally provides as follows: "All the rest, residue, and remainder of my property and estate, of every name and nature whatsoever, and wheresover situate and placed, I give to my executors, to be expended by them for benevolent and charitable purposes, as they or the survivor of them shall, in their or his good judgment, deem wise and best for the promotion of Christianity and the welfare of mankind in the world." This is clearly void, there being no certain designated beneficiary, and as to such residue the testator died intestate. *Tilden* v. *Green*, (N. Y. App.) 28 N. E. Rep. 880.

Will admitted to probate, except the residuary clause.

---

OUGHTERSON *v.* CLARK.

*(Supreme Court, General Term, Fifth Department.    October 21, 1892.)*

LIMITATION OF ACTIONS—PARTIAL PAYMENT—EVIDENCE—INDORSEMENT ON NOTE.

Though, for the purpose of taking an action on a note out of the bar of the statute of limitations, a mere indorsement on the note is not evidence of payment, still, plaintiff having testified that before the action she presented the note so indorsed

to defendant, and he said the indorsement was all right, and this having been corroborated by another witness, and defendant, though present, not having testified, the jury were warranted in finding for plaintiff on the issue.

Appeal from circuit court, Ontario county.

Action by Carrie Oughterson against David Clark on a note. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Gillette,* for appellant. *George L. Bachman,* for respondent.

MACOMBER, J. This action was brought upon a promissory note given by the defendant to one Lucy J. Clark, and by the latter transferred to the plaintiff, in the sum of $278, and alleged to have been made in the year 1878. The defenses set up in the answer are: (1) That the note was made in 1875, instead of 1878; (2) that the date was changed after the note was executed and delivered to Lucy J. Clark; (3) the statute of limitations. Upon all of these questions the jury found a verdict in favor of the plaintiff. No motion for a new trial having been made, either upon the minutes of the court or at special term, no review of the facts arising from such trial can enter into our consideration of the case. Unless, therefore, some legal error was committed upon the trial, prejudicial to the defendant, the judgment appealed from must be affirmed.

The only question on this appeal admitting of debate arises out of the plea of the statute of limitations. When this action was begun, the statute had apparently run against this note. With this issue presented by the answer, (there being no written promise or acknowledgment by the defendant in writing reviving the note,) the burden of proof rested upon the plaintiff to show that, notwithstanding the lapse of more than six years from its maturity, the note had been kept alive by the payment of some part of the principal or interest. When produced in court it bore the following indorsement: "Received on the within, interest, $5.00, January 1, 1885." This was in the handwriting of the then holder of the note. If the payment purporting to have been made by this indorsement was actually made at the time indicated, the note was clearly saved from the operation of the statute; otherwise not. When the counsel for the plaintiff offered the note in evidence, together with the indorsement thereon, objection was made to the reception of the indorsement as not being any sufficient evidence of the actual payment of five dollars at the time indicated or at any other time. The objection was overruled, to which ruling of the court the defendant's counsel duly excepted. It is now contended by the learned counsel for the appellant that the reception of the indorsement in evidence was such error as that the judgment appealed from should be reversed. It is argued that such indorsement was an act or declaration of the holder of the note, made in her own interest, for the purpose of defeating the operation of the statute of limitations. The general rule undoubtedly is that, where the statute of limitations is involved, a mere indorsement of the sum upon a note, even when shown to have been done by the holder thereof, is not evidence of payment of the sum so indorsed. We do not understand that this rule has been questioned since the decision in the case of *Roseboom* v. *Billington,* 17 Johns. 181, where it was held that to make an indorsement admissible it must be proven to have been made before the presumption of payment attached. SPENCER, C. J., there said, summing up his discussion of the question: "An indorsement, therefore, on a bond or note, made by the obligee or promisee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making such indorsement, unless it be shown that it was made at the time when its operation would be against the interest of the party making it. If such proof be given, it would, I think, be good evidence for the consideration of the jury." See, also, *Mills* v. *Davis,* 113 N. Y. 243, 21 N. E. Rep. 68; *Hulbert* v. *Nich-*

*ol*, 20 Hun, 454; *Risley* v. *Wightman*, 13 Hun, 163. But, under the evidence returned to us, this case does not come within the general rule above stated. The plaintiff was called as a witness in her own behalf, and testified, among other things, in substance, that shortly before the beginning of this action she presented to the defendant this note for payment, and at that time it had the indorsement as it now appears. The defendant took the note into his possession, examined it carefully, and then replied that he knew the indorsement was on it, and that it was all right, and that he would pay it. This testimony was in part corroborated by another witness. The defendant, though in court, and a perfectly competent witness, was not called, either to deny or explain away this positive evidence. This testimony was sufficient, in our judgment, to enable the jury intelligently to find as a fact that the payment of five dollars interest was actually made at the time alleged. The jury was, therefore, we think, fully justified in finding a verdict in favor of the plaintiff upon this issue, as well as upon the other issues in the case. It follows, therefore, that the judgment appealed from should be affirmed. All concur.