(1 App. Div. 196.)

### MAHONY v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

CONTRACTS—ENTIRETY—LIMITATIONS.

Plaintiff, suing for services in superintending excavations, claimed they were rendered under a contract whereby defendant agreed to pay him $100 per month therefor, and testified that on the pay day for the first month he called at defendant's office for his pay; that likewise on the pay days for the next two months he called, and defendant was on each occasion either short of funds or not in, so that he did not get his pay; and that after that he did not see defendant till the completion of the work. Defendant's bookkeeper, a witness for plaintiff, testified to a conversation with defendant, wherein defendant said he would settle with plaintiff at the end of the work, but it was not in plaintiff's presence, and there was no evidence that he ever heard of or acquiesced in it. Defendant claimed that, by the contract, plaintiff was to do the work at a certain amount per yard. *Held*, that the jury having adopted plaintiff's theory of the contract, and his being the only testimony relating to the terms thereof, and the question of limitations having been raised by the pleadings and at the trial, the verdict for the full amount of plaintiff's claim could not stand, as to compensation for the first month, on the theory that none of the payments were due till completion of the work, more than the statutory period having elapsed between the pay day of that month and the commencement of the action.

Appeal from circuit court.

Action by John Mahony against Herman Clark and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

William W. Niles, Jr., for appellants.
Franklin Pierce, for respondent.

BROWN, P. J. The complaint in this action sets forth five separate causes of action, upon two of which the plaintiff recovered. There was ample testimony to support the conclusion of the jury, and we find no reason to disturb the verdict on the facts. The statute of limitations was pleaded as a defense to all the causes of action alleged in the complaint. The first cause of action was for services performed by the plaintiff for the defendants in superintending the excavation of a cut on a railroad in process of construction near Oyster Bay, in Queens county, between June 9 and November 1, 1888, which plaintiff claimed were rendered under a contract whereby defendants agreed to pay him therefor $100 per month. This action was commenced on August 20, 1894; and, at the close of the testimony, the defendants moved to dismiss the complaint as to those items which were barred by the statute of limitations. The court thereupon dismissed two claims made by the plaintiff,—one for the use of cars prior to August 20, 1888, and the other for money loaned to the defendants. To this ruling the defendants took an exception. The record does not show that the defendants' counsel at that time called the court's attention to the specific claim now made that a recovery for services rendered prior to August 20, 1888, was barred by the statute of limitations; but, at the close of the charge, exception was taken to the instruction given to the jury that, if they were satisfied that there was an entire contract for the completion of the whole work, then plaintiff was entitled to recover his whole wages from the commencement of the employment, and counsel then stated to the court that upon that point his claim was that there was no evidence to go to the jury. We are therefore of the opinion that the point now made by the appellants that all claims for services rendered more than six years before the commencement of the action were barred by limitation was raised at the trial, and is available on this appeal. We see no answer to the appellants' proposition upon this branch of the case.

The disagreement between the parties to the action was whether the services were rendered under a contract of employment whereby plaintiff was to be paid the sum of $100 a month, or whether they were rendered under a contract whereby plaintiff agreed to excavate the material for a specified price per cubic yard. The jury adopted the plaintiff's version of the contract, and his is the only testimony in the case relating to the terms thereof. Upon the subject of payment the plaintiff testified that his salary was to be $100 per month, and expenses; that July 20th was pay day for the

month of June; that on that day he called upon defendant Dwyer for his pay, and Dwyer told him he was short of funds, and asked him for a loan of $200, which he then made to him; that on the next pay day, in August, he called on Dwyer again for his pay, and that again he was told by Dwyer that he was short of funds, and that he must wait until the next month; that on the September pay day he called again at defendant's office for his pay; that Dwyer was absent; that he saw his bookkeeper, who gave him a statement of the work; and after that he did not see Dwyer until the work was completed. George W. Andrews, who was the defendant's bookkeeper, was called as a witness for the plaintiff. He corroborated the plaintiff as to the conversation with Dwyer on the July pay day, and testified to a subsequent conversation with Dwyer, when the latter said he would settle with the plaintiff at the end of the work. There is no testimony, however, that plaintiff was present when Dwyer made that statement to Andrews, or that he was ever informed of it or acquiesced in it. There can be but one inference from plaintiff's testimony, and that is that his salary was payable monthly, on the regular pay days; and having so testified at the trial, and the jury having adopted his version of the contract made with the defendant, he cannot be permitted now to claim that the terms of payment were otherwise, and that his salary was not due or payable until the end of the work. His action in attending at the defendant's office on the regular monthly pay days, and demanding his monthly salary, is absolutely inconsistent with the theory that the salary was not due until the work was completed. The verdict for the whole salary cannot therefore stand. The plaintiff is entitled to recover only such amount as fell due within six years prior to the commencement of the action. Inasmuch, however, as he testified that the regular pay day for the July work was on August 22, and the action was commenced on August 20, 1894, the effect of the application of the statute of limitations to the claim is to bar a recovery for the June work only, which amounts to $75.

We have examined the other exceptions in the case, but none of them require notice.

The judgment must be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulates within 20 days to deduct from the verdict the sum of $75, and interest thereon from November 1, 1888, and 5 per cent. allowance thereon. If such stipulation is filed, the judgment so modified is affirmed, without costs of appeal. All concur.