(21 App. Div. 62.)

### DAILEY et al. v. DEVLIN.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. WORK AND LABOR—QUANTUM MERUIT.
   On refusal of defendant to carry out an agreement for the payment of services rendered him by plaintiff as an attorney, an action on a quantum meruit is maintainable.

2. CONTRACT—PERFORMANCE.
   A contract to turn over all the stock of a corporation is fully performed where all the outstanding stock is transferred, the balance of the stock being in the treasury at the time of the transfer.

3. LIMITATIONS—WHEN BEGIN TO RUN.
   Where an attorney was employed to defend the charter and franchises of a certain corporation, and in other matters relative to such corporation, under a promise that, if the litigation was successful, he should have an interest in the profits resulting therefrom, it constituted a single, entire, and continuous contract of employment, and the statute of limitations did not begin to run until the completion of the services.

Appeal from judgment on report of referee.

Action by Abram H. Dailey and James D. Bell against John Devlin. From a judgment in favor of plaintiffs, entered on the report of a referee, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Horace Graves, for appellant.
James D. Bell, for respondents.

CULLEN, J. This appeal presents little else than questions of fact, the questions of law involved being of a very unsubstantial character. The plaintiffs seek to recover for legal services rendered to

the defendant in maintaining and defending the charter and franchises of the Equity Gaslight Company for the Eastern District of the City of Brooklyn.   The company was incorporated in 1874, under the general statute for the formation of gaslight companies, with a nominal capital of $1,000,000.   The whole stock was issued to one Wren in payment of certain patent rights, but one-half of the amount was afterwards returned by Wren to the company.   By chapter 144 of the Laws of 1874 the company was authorized to lay its mains, conductors, and pipes in certain wards of the city of Brooklyn, thus rendering it unnecessary for the company to obtain that privilege from the common council of the city, as was required by the general statute.   This statute provided that the charter should be forfeited if operations were not begun within three months after its passage. In 1883 the defendant, through the plaintiff Dailey, purchased the whole outstanding stock for the sum of $4,000.   At this time the company appears to have had no physical property whatever, and seems to have set but little store on its license under the patent.   It had, however, obtained under the act of 1874 a complete franchise to lay mains and do business.   If this franchise could be maintained, and its forfeiture avoided, it was a valuable property to sell, either to persons desiring to invest in the manufacture and supply of gas, or to the other gas companies of which the Equity Company would be a competitor.   These latter companies had actions instituted by the attorney general to forfeit the charter of the Equity Company for failure to comply with the condition of the statute and for nonuser.   Thus ensued a litigation lasting over some six years.   This litigation was finally terminated by the withdrawal of the actions. Subsequently the defendant entered into a contract with a construction company for the erection of works, and received $250,000 in bonds and $500,000 in stock.   The plaintiffs claimed that the plaintiff Dailey was employed in this litigation, and also other matters relative to the gas company, by the defendant, under his promise that, if the litigation was successful, and the speculation profitable, he would "make him his partner in interest, and make him rich thereby"; that on the termination of the litigation, and the execution of the contract with the construction company, the defendant repudiated his promise.   Thereafter the plaintiffs brought this action for the value of their services in the matter narrated, and also for certain other services, to which it is unnecessary to refer.   The defendant answered, denying the employment, the rendition of the services, or the alleged promise, and alleging payment in full for such services as had been rendered, and the statute of limitations. He also counterclaimed for breach of the agreement of the plaintiff Dailey to transfer to him all the stock of the gas company.   The learned referee awarded the plaintiff $13,530 for the services described.

The decision of the referee that the plaintiff Dailey was employed by the defendant is not only supported by the evidence, but in accordance with its clear weight.   The case principally rested on the testimony of the plaintiff Dailey; and whatever Dailey testified to, the defendant, when on the stand, denied.   But it is certain that

Dailey, while not attorney of record, did appear in the litigations, and take part in the proceedings. The defendant subsequently entered into negotiations to sell the company to one Addicks. It is testified, both by the broker and the lawyer for Addicks, that during these negotiations the defendant stated that the plaintiffs had a large claim for their services in defending the franchise of the company. The defendant seems to place himself in contradiction to every witness for the plaintiffs, many of them witnesses who were wholly disinterested. The referee was, therefore, justified in crediting the statement of the plaintiff Dailey. The amount allowed for the services is large; but,. considering that the compensation was contingent, and dependent on the result of the speculation, we cannot say that it is excessive. Nor is it against the weight of the expert evidence. The cross-examination of the experts showed that the hypothesis upon which they had fixed their valuations did not embrace all the facts of the case, or, at least, the referee might have so found. The questions of law raised by the appellant may be summarily disposed of. As already stated, the action is not for an accounting, but on a quantum meruit. The plaintiffs do not claim that they became partners of the defendant in the transaction, nor do they seek a specific performance of the agreement that they should become partners. That on the defendant's refusal to carry out his agreement the plaintiffs might bring an action for their services on a quantum meruit is unquestionable. Therefore the evidence of the plaintiffs established the cause of action set forth in the complaint, and there was no case of failure of proof, or even of variance. The question whether the services were rendered on the employment of the defendant or that of the company was purely one of fact, and not of law. The defendant practically was the company, and therefore there is no improbability that he pledged his personal credit. In fact, to carry out his speculation, it would be necessary for him either to clear the company from debt, or to provide with the purchaser for its payment. So, in his contract with the construction company, the defendant covenanted that the gas company should be free from debt. The counterclaim for the alleged failure of the plaintiff Dailey to turn over to the defendant all the stock of the gas company is without the slightest merit. It refers to the $500,000 of stock in the treasury of the company at the time of the sale to defendant. The defendant obtained all the stock that was outstanding. The ownership of that stock made him sole owner of the assets of the company. It was not of the slightest importance whether the nominal amount of the stock was a half million of dollars or ten times that amount, as by the purchase of the outstanding stock the defendant acquired the only valuable assets,— a franchise. Whenever he might succeed in effecting a sale of the company, a purchaser would give him neither more nor less because of the nominal amount of stock outstanding. The referee has found that the services rendered by the plaintiffs were under a continuous employment. This alone would not take the earlier services out of the statute of limitations, but the evidence shows that the services were not only continuous, but the contract of employment was single and entire. In such case the statute does not commence to run until

after the completion of the services.    Bathgate v. Haskin, 59 N. Y. 533.

The judgment appealed from should be affirmed, with costs.    All concur.