### BURDICK v. HICKS.

(Supreme Court, Appellate Division, Fourth Department. May 7, 1898.)

1. LIMITATION OF ACTIONS—BURDEN OF PROOF.
    Where an account has run for more' than six years. the burden is on plaintiff to show that the cause is excepted from the bar of limitations.

2. SAME—PARTIAL PAYMENTS.
    In an action for the value of medical services rendered for a period covering several years, the bar of limitations is not removed by payments made during that time by defendant. in ignorance of the fact that they were not payments in full and up to date.
    Ward, J., dissenting.

Appeal from judgment on report of referee.

Action by Eugene B. Burdick against Elizabeth L. Hicks for services rendered. From a judgment entered on the decision of a referee for plaintiff, defendant appeals. Modified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

M. B. Jewell, for appellant.
F. M. Todd, for respondent.

GREEN, J. The only witnesses sworn upon the trial of this action were the parties to this action. No other evidence was given. The plaintiff testified that he was a physician and surgeon, and that on the 24th day of February, 1888, he was summoned by the defendant, and that he treated her on that day and at various times thereafter, to and including the 29th day of August, 1892. The referee has found that within that period the plaintiff made, in the aggregate, 269 visits to the defendant in the daytime, 12 visits in the nighttime, wrote for her 16 different prescriptions, and examined her for life insurance. The plaintiff testified that the day visits were reasonably worth $1 each, the night visits $2 each, the treatments $1 each, and the prescriptions 50 cents each. The referee found that, at such rates, the services were reasonably worth, in the aggregate, the sum of $355. The referee further found that the defendant was entitled to be credited thereon the sum of $145.92, and ordered judgment for plaintiff in the sum of $209.08, with costs. This action was brought on the 20th day of April, 1896; and the main contention of the defendant upon this appeal is that the referee erred in allowing the items of the plaintiff's account which accrued before April 20, 1890, and in refusing to find that they were barred by the statute of limitations; and that question alone we are called upon to consider.

It is not contended that the account between these parties is a mutual, open, and current account, within the meaning of section 386 of the Code of Civil Procedure, and therefore the provisions of that section are not applicable. The plaintiff, however, insists that the account was continued, by reason of the payments made thereon by the defendant. The referee has found that the last payment was made on January 18, 1892, when the defendant paid $10. The defendant testified that she did make a payment of $10 to the plaintiff, and that, at the time she made such payment, she was informed by him that that amount balanced the account. This is denied by the plaintiff. He denies, further, that the $10 were paid at the time testified to by the defendant, but admits that at another time that amount was paid. As appears from the evidence, that was the only $10 payment ever made by the defendant to the plaintiff. The plaintiff testified that he never presented a statement of the account to the defendant; never told her the amount of his claim, nor the balance thereof; and the record is barren of any evidence showing, or tending to show, that the defendant was ever made acquainted with the amount of plaintiff's account, or the amount of the balance, or that she was ever notified that there was any balance until the commencement of this action.

When it was shown that the account had run for more than six years, the burden was upon the plaintiff to show that the case was

excepted from the statutory bar. Hulbert v. Nichol, 20 Hun, 457; Oughterson v. Clark (Sup.) 20 N. Y. Supp. 381. The plaintiff failed to meet the burden thus imposed, and, under the evidence, we are of the opinion that the plaintiff ought to recover only for those items of his account which fell due within the six years before the commencement of the action. Mahony v. Clark, 1 App. Div. 196, 37 N. Y. Supp. 138. Certainly, under the evidence disclosed in this case, the payments made by this defendant ought not to be held to renew or continue the plaintiff's claim, or to take it out of the prohibition of the statute.

The reason upon which the part payment of an account is held to renew or continue a debt is thus stated in Murdock v. Waterman, 145 N. Y. 63, 39 N. E. 829:

"Part payment of a debt by a debtor constitutes an admission, by the person obligated to pay, of his liability for the whole debt upon which the partial payment is made, and justifies an inference of a new promise made, at that time, to pay the portion remaining unpaid."

The evidence in this case affords no ground for assuming any admission on defendant's part, or for inferring a new promise made by her to pay the balance of the debt; for the reason that there is nothing to show that, at any time when payments were made, she knew that there was a balance remaining unpaid, or that there still continued an obligation or debt in favor of the plaintiff against her. The legal effect of a payment upon an account which has run for more than six years is that of a new promise to pay an old debt, and the new promise revives the old debt. Such a promise should be made with a clear and explicit understanding of the true condition of the account; and, where a creditor relies upon such a payment to take an account out of the statute of limitations, it is incumbent upon him to show that the payment was made with a clear understanding on the part of the debtor that there was a balance still remaining unpaid after such payment. "To operate as such an admission, the payment must have been a deliberate act of the debtor, evidencing or accompanied by some evidence of an intention to thereby acknowledge to his creditor the existence of the greater indebtedness. Without the written evidence of an acknowledgment of the debt, which the statute requires, a payment, to be effectual as an acknowledgment, * * * must enable us to infer, from the circumstances, * * * the debtor's intent that it shall be so taken by his creditor." Adams v. Olin, 140 N. Y. 160, 35 N. E. 448. "In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect, it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part

of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance. If it be doubtful whether the payment was a part payment of an existing debt, more being admitted to be due, or whether the payment was intended by the party to satisfy the whole of the demand against him, the payment cannot operate as an admission of a debt so as to extend the period of limitation. If there be a mere naked payment of money, without anything to show on what account or for what reason the money was paid, the payment will be of no avail under the statute. The payment must be made under such circumstances as to show a recognition of a larger debt remaining unpaid. These rules, in varying phraseology, are laid down and illustrated in many authorities. Abb. Tr. Ev. 824; 1 Wood, Lim. 271 et seq.; Harper v. Fairley, 53 N. Y. 442; Albro v. Figuera, 60 N. Y. 630; Smith v. Ryan, 66 N. Y. 352." Crow v. Gleason, 141 N. Y. 493, 36 N. E. 498.

Applying the rule thus established to the evidence in this case, we are forced to the conclusion that no payment was made by this defendant upon this account under circumstances which would warrant us in holding that such payment continued the account so as to take it from under the prohibition of the statute of limitations. The plaintiff therefore ought not to recover for the items of his account which fell due previously to the six years preceding this action, which was commenced April 20, 1896. The aggregate value of the services rendered since April 20, 1890, as found by the referee, was the sum of $145.50. The payments made within that period amounted to the sum of $25. The amount, therefore, which the plaintiff is entitled to recover from this defendant, is the sum of $120.50.

It follows that the judgment herein should be modified so that it shall provide that the damages shall be the sum of $120.50, and, as so modified, the judgment should be affirmed, without costs of this appeal to either party. All concur, except WARD, J., who dissents, with mem.

WARD, J. (dissenting). I think such a payment was shown upon the plaintiff's claim as took the whole account out of the statute of limitations. I am therefore in favor of an affirmance of the judgment.

Judgment modified so as to provide that the damages shall be the sum of $120.50, and, as so modified, affirmed, without costs of this appeal to either party.