EUGENE B. BURDICK, Respondent, *v.* ELIZABETH L. HICKS, Appellant.

*Statute of Limitations — a payment will not renew an outlawed account, not mutual and open, where the debtor does not know that there will still remain a balance unpaid.*

In an action brought by a physician to recover for services, between whom and the defendant, his patient, no mutual open account existed, the principal issue was whether a payment made by the patient inured, as an admission or new promise, to renew a part of the account which would otherwise have been barred by the Statute of Limitations. There was no proof that the patient knew when she made the payment that there would remain a balance unpaid by her upon the account, the plaintiff testifying that he never presented a statement of his account to her and that he never told her the amount of his claim nor the amount of the balance.

*Held,* that the items of the plaintiff's account, which had accrued more than six years before the beginning of the action, were barred by the Statute of Limitations;

That where a creditor relied upon a payment to take an account out of the Statute of Limitations it was incumbent upon him to show that the payment was made with a clear understanding on the part of the debtor that there was, after such payment, a balance still remaining unpaid to the creditor.

WARD, J., dissented.

APPEAL by the defendant, Elizabeth L. Hicks, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 4th day of September, 1897, upon the report of a referee.

*M. B. Jewell,* for the appellant.

*F. M. Todd,* for the respondent.

GREEN, J. :

The only witnesses sworn upon the trial of this action, which was brought to recover for medical services, were the parties to this action. No other evidence was given. The plaintiff testified that he was a physician and surgeon, and that, on the 24th day of February, 1888, he was summoned by the defendant, and that he treated her on that day and at various times thereafter, to and including the 29th day of August, 1892. The referee has found that within that period the plaintiff made, in the aggregate, two hundred and sixty-nine visits to the defendant in the day time, twelve visits in the night time, wrote for her sixteen different prescriptions, and examined her for life insurance. The plaintiff testified that the day visits were reasonably worth one dollar each, the night visits two dollars each, the treatments one dollar each, and the prescriptions fifty cents each; the referee found that, at such rates, the services were reasonable worth, in the aggregate, the sum of $355. The referee further found that the defendant was entitled to be credited thereon the sum of $145.92, and ordered judgment for plaintiff in the sum of $209.08, with costs.

This action was brought on the 20th day of April, 1896 ; and the main contention of the defendant upon this appeal is, that the referee erred in allowing the items of the plaintiff's account which accrued before April 20, 1890, and in refusing to find that they were barred by the Statute of Limitations ; and that question alone we are called upon to consider.

It is not contended that the account between these parties is a mutual, open and current account, within the meaning of section 386 of the Code of Civil Procedure, and, therefore, the provisions of that section are not applicable. The plaintiff, however, insists that the account was continued, by reason of the payments made thereon by the defendant. The referee has found that the last payment was made on January 18, 1892, when the defendant paid ten dollars. The defendant testified that she did make a payment of ten dollars to the plaintiff, and that, at the time she made such payment, she was informed by him that that amount balanced the account. This is denied by the plaintiff. He denies, further, that the ten dollars were paid at the time testified to by the defendant; but admits that, at another time, that amount was paid ; as appears from

the evidence, that was the only ten-dollar payment ever made by the defendant to the plaintiff.

The plaintiff testified that he never presented a statement of the account to the defendant; never told her the amount of his claim, nor the balance thereof; and the record is barren of any evidence showing, or tending to show, that the defendant was ever made acquainted with the amount of plaintiff's account, or the amount of the balance, or that she was ever notified that there was any balance until the commencement of this action.

When it was shown that the account had run for more than six years, the burden was upon the plaintiff to show that the case was excepted from the statutory bar. (*Hulbert* v. *Nichol*, 20 Hun, 457; *Oughterson* v. *Clark*, 48 N. Y. St. Repr. 92.) The plaintiff failed to meet the burden thus imposed, and, under the evidence, we are of the opinion that the plaintiff ought to recover only for those items of his account which fell due within the six years before the commencement of the action. (*Mahony* v. *Clark*, 1 App. Div. 196.)

Certainly, under the evidence disclosed in this case, the payments made by this defendant ought not to be held to renew or continue the plaintiff's claim, or to take it out of the prohibition of the statute.

The reason upon which the part payment of an account is held to renew or continue a debt is thus stated in *Murdock* v. *Waterman* (145 N. Y. 63): "Part payment of a debt by a debtor constitutes an admission by the person obligated to pay, of his liability for the whole debt upon which the partial payment is made and justifies an inference of a new promise made at that time to pay the portion remaining unpaid."

The evidence in this case affords no ground for assuming any admission on the defendant's part, or for inferring a new promise made by her to pay the balance of the debt, for the reason that there is nothing to show that at any time when payments were made, she knew that there was a balance remaining unpaid, or that there still continued an obligation or debt in favor of the plaintiff against her. The legal effect of a payment upon an account which has run for more than six years is that of a new promise to pay an old debt, and the new promise revives the old debt. Such a promise should

be made with a clear and explicit understanding of the true condition of the account; and, where a creditor relies upon such a payment to take an account out of the Statute of Limitations, it is incumbent upon him to show that the payment was made with a clear understanding on the part of the debtor that there was a balance still remaining unpaid after such payment.

" To operate as such an admission, the payment must have been a deliberate act of the debtor, .evidencing, or accompanied by some evidence of, an intention to thereby acknowledge to his creditor the existence of the greater indebtedness. Without the written evidence of an acknowledgment of the debt, which the statute requires, a payment, to be effectual as an acknowledgment  *  *  * must enable us to infer, from the circumstances,  *  *  *  the debtor's intent that it shall be so taken by his creditor." (*Adams* v. *Olin*, 140 N. Y. 160.)

" In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness *and under such circumstances as warrant a jury in finding an implied promise to pay the balance.* If it be doubtful whether the payment was a part payment of an existing debt, more being admitted to be due, or whether the payment was intended by the party to satisfy the whole of the demand against him, the payment cannot operate as an admission of a debt so as to extend the period of limitation. If there be a mere naked payment of money without anything to show on what account or for what reason the money was paid, the payment will be of no avail under the statute. The payment must be made under such circumstances as to show a recognition of a larger debt remaining unpaid. These rules, in varying phraseology, are laid down and illustrated in many authorities. (Abbott's Trial Ev. 824;

1 Wood on Limitations, 271 *et seq.* ; *Harper* v. *Fairley,* 53 N. Y. 442 ; *Albro* v. *Figuera,* 60 id. 630 ; *Smith* v. *Ryan,* 66 id. 352.) " (*Crow* v. *Gleason,* 141 N. Y. 493.)

Applying the rule thus established to the evidence in this case we are forced to the conclusion that no payment was made by this defendant upon this account under circumstances which would warrant us in holding that such payment continued the account so as to take it from under the prohibition of the Statute of Limitations.

The plaintiff, therefore, ought not to recover for the items of his account which fell due previously to the six years preceding this action which was commenced April 20, 1896.

The aggregate value of the services rendered since April 20, 1890, as found by the referee, was the sum of $145.50. The payments made within that period amounted to the sum of $25. The amount, therefore, which the plaintiff is entitled to recover from this defendant is the sum of $120.50.

It follows that the judgment herein should be modified so that it shall provide that the damages shall be the sum of $120.50 ; and as so modified the judgment should be affirmed, without costs of this appeal to either party.

All concurred, except WARD, J., dissenting.

WARD, J. (dissenting) :

I think such a payment was shown upon the plaintiff's claim as took the whole account out of the Statute of Limitations. I am, therefore, in favor of an affirmance of the judgment.

Judgment modified so as to declare that the damages shall be the sum of $120.50, and as so modified affirmed, without costs of this appeal to either party.