(79 App. Div. 447.)

SHAFER v. PRATT.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1903.)

1. STATUTE OF LIMITATIONS—DISTINCT CONTRACTS—FINDINGS.

Findings that on or about January 1, 1890, defendant employed plaintiff to receive, inspect, and pay for a quantity of spars, which were to be delivered by various persons, plaintiff to receive a certain amount per spar therefor, and that he performed services thereunder; that about February 8, 1890. defendant employed plaintiff to inspect and pay for a quantity of pulp, to be delivered by various persons, no price being agreed on as compensation, and that plaintiff performed services thereunder; that between April 2, 1890, and March 28, 1892, plaintiff performed services for defendant in inspecting traverse poles, without any

special agreement or request therefor, but of a certain value; and that between January 9, 1890, and July 19, 1893, plaintiff paid out on account of the spars, pulp, and traverse poles a certain amount more than advanced to him by defendant therefor,—show not a single cause of action, but four, as regards the statute of limitations.

**2. SAME.**

Under a contract to inspect a quantity of pulp to be delivered by various persons, no price being agreed on as compensation, the various items of services constitute a single cause of action, and not distinct causes, as regards the statute of limitations.

**3. PAYMENTS—APPLICATION.**

Where plaintiff had several claims against defendant, some of them barred by limitation, a payment by defendant of plaintiff's order, containing direction to "charge same to my account," will not be considered a payment on the barred claims, in the absence of evidence as to how it was charged or credited.

Appeal from judgment on report of referee.

Action by John N. Shafer against Charles W. Pratt. From a judgment for plaintiff on report of a referee, defendant appeals. Reversed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Benjamin A. Capron, for appellant.

Henry W. Bentley, for respondent.

HISCOCK, J. This action was brought to recover, with interest, a balance of $587.37, claimed to be due from defendant to plaintiff for services performed and moneys expended by the latter for the former. The balance was made up of many different items, extending from January 9, 1890, to and including November 7, 1893. The action was commenced November 6, 1899.

The only questions upon this appeal arise upon the defense of the statute of limitations interposed by defendant. The learned referee reached the conclusion that all of the services and expenditures were rendered and made under a continuous employment by defendant of plaintiff, and constituted but a single entire cause of action, and that, the last item having accrued within six years of the date when the action was commenced, none of the claim was barred by the limitation of time. We think that he so erred in this conclusion as to call for a reversal of the judgment appealed from. We think, upon the view of the evidence adopted by the referee and upon his findings of fact based thereon, that plaintiff's claim against defendant consisted of four distinct and separate causes of action; and that three of these, upon the theory most favorable to plaintiff, became complete and enforceable more than six years before this action was commenced, and at the time of its commencement were barred by the statute of limitations.

The services and expenditures constituting plaintiff's claim were performed and made by him in measuring and overseeing the delivery of, and in paying for, timber, consisting of spars, dock sticks, traverse poles, and pulp wood, sold by various parties to defendant, and delivered upon the bank of the canal in Lewis county. The referee has found that "on or about the 1st day of January, 1890, the defendant employed the plaintiff to receive, measure, and inspect and pay for, either in money or by orders drawn upon the defendant, and to keep

an account of and to make reports from time to time to the defendant, and to attend to a shipment of a quantity of spars and dock sticks which were to be delivered by various persons," at a certain compensation per stick, and that no term of service was mentioned or agreed upon, and no time of payment or settlement was agreed upon by the parties, and that between January 9, 1890, and April 21, 1893, plaintiff received and inspected for the defendant a certain specified quantity of sticks and spars, for which his services, under the agreement mentioned, were of the value of $353.91. Said referee further finds that "afterwards, and about February 8, 1890, the defendant employed the plaintiff to inspect and measure and to pay for, either in money or orders to be drawn upon the defendant, a quantity of pulp wood, which was to be delivered to the defendant by various persons," and that "no time was specified that such employment should continue, no price was agreed upon for the services of the plaintiff in connection with the pulp wood, and no time was agreed upon for the payment to the plaintiff for his services in connection with the pulp wood, nor was any time fixed for the settlement or adjustment of the amount payable to the plaintiff on account of his services in the matter." And, further, that between and including February 8, 1890, and November 7, 1893, the plaintiff performed services described in said last contract which were of the value of $134. Said referee further finds that between April 2, 1890, and March 28, 1892, the plaintiff performed certain services for defendant in the way of inspecting and measuring traverse poles; that "no evidence was given of any special agreement or request to perform the services in respect to said traverse poles, and no price had been agreed upon by the parties for such services, but the same were reasonably worth $7.50." Lastly, it is found that between January 9, 1890, and July 19, 1893, "the plaintiff paid out to various persons, on account of the spars and dock sticks, pulp wood and traverse poles received and inspected by him for the defendant," the sum of $47.28 more than was advanced to him by the defendant for that purpose.

These sums make up the entire amount or balance claimed by plaintiff to be due to him from defendant. We think it is clear that the referee has found, as he was compelled to by the evidence, four complete, distinct contracts, express or implied, between plaintiff and defendant, and which it is unnecessary to recapitulate after the foregoing statement of findings. Each contract was entire, and carried certain obligations by each party to the other, which were clearly distinguishable and separate from the obligations of the other three contracts. We do not think that this entire and distinct character of each contract was in any way lost or impaired by the fact that it was made and being carried out, to a large extent, concurrently with the other ones. The services which the plaintiff was to perform and the compensation which he was to receive under the contract for receiving and inspecting spars and dock sticks, as found by the referee, were perfectly well defined, and not in any manner included or covered by the other contracts. The implied obligation found by the referee on the part of the defendant to reimburse plaintiff for the excess of moneys which he advanced in paying for lumber was not in any degree included in the

other contracts for receiving and measuring lumber. The same thing may be said with reference to the entirety and distinctness of the obligations of each of the other contracts.

Starting with these views as to the character of the contracts, it follows, upon the view most favorable to plaintiff, that certainly, at the completion of all the work covered by any contract, a right of action existed in favor of plaintiff to recover for his services thereunder. No time having been fixed for the termination of these various employments of plaintiff by defendant, as found by the referee, the same were so far terminated as to entitle plaintiff to his compensation when all the work thereunder ceased. All of them were completed more than six years prior to November 6, 1893, except the one for receiving and inspecting pulp wood. No item in either of the other three contracts accrued subsequent to July 19, 1893, and, therefore, subject to the consideration of payment hereafter to be discussed, said three claims were all barred by the statute of limitations when the action was commenced.

Under the employment with reference to the pulp wood, plaintiff claims that he performed one item of services November 7, 1893, and that his employment was so far continuous, and the contract so far entire, that his right to compensation did not become perfected until after the rendition of the last item of services. The defendant insists that each item of services in this employment constituted an entire, distinct cause of action, and that, therefore, no recovery can be had except for the one item upon the last date. The question whether various items for services constitute a single, entire cause of action, or whether they are respectively different and distinct claims, is not always free from difficulty. Courts must bring somewhat to their aid in its solution considerations of expediency, of reasonable enforcement, of usage, and of what may be supposed to have been the intent of the parties. Employing these aids, we think that neither reason, usage, nor the parties required or contemplated, under the employment found by the referee, that the plaintiff should be entitled to receive or collect from defendant 15 cents every time he inspected and measured a cord of pulp wood. This would be so unreasonable as to be almost absurd. We think, rather, that a plain and reasonable construction of the contract is that plaintiff, as an entire undertaking, was employed to perform services with reference to such pulp wood as might be delivered, and for which when the job was completed he would be entitled to his compensation in a single payment. There is nothing burdensome about this interpretation for either party. If there seemed danger of prolongation of the work to such an extent as would be undesirable or inconvenient, either party would have had the right to terminate it and make a settlement with the other. These views seem to be entirely in accordance with the principles laid down in Smith v. Velie, 60 N. Y. 106; Pursell v. Fry, 19 Hun, 595; Dailey v. Devlin, 21 App. Div. 62, 47 N. Y. Supp. 296; Denise v. Denise, 110 N. Y. 567, 18 N. E. 368.

Appellant, as sustaining his views, has called to our attention Davis v. Gorton, 16 N. Y. 255, 69 Am. Dec. 694, and In re Gardner, 103 N. Y. 533, 9 N. E. 306, 57 Am. Rep. 768. Each of these cases in-

volved a claim for services performed in the management of the household of the deceased, and which services had extended over several years. It is a matter of common observation and knowledge that an employment of services of such a character, extending over a long time, does not ordinarily contemplate postponement of all payment to the end of the services, but that, upon the contrary, it is customary and usual to make payment either weekly or monthly. In the first case cited the judge rendering the opinion says: "The law will not, I think, intend, in respect to a permanent and continuous employment, an agreement so unusual in its character, and so little conducive to the interests of either party to it, as that the payment of any compensation shall be postponed until the termination of the employment;" and this view was followed and adopted in the Case of Gardner. In the facts involved the two cases above cited are, we think, clearly distinguishable from the one at bar, and, as already pointed out, it would be as unreasonable and extraordinary to hold that in this case it was the duty of plaintiff to collect pay for each cord of wood measured as it would have been forced and strained to have held in the cases cited that the claimant could not, if he chose, collect any compensation at all until the years of service had expired.

While plaintiff's claim, as above found, was accruing, and at frequent intervals from February 9, 1890, to October 8, 1891, defendant advanced to him various sums of money. It is quite apparent, however, that these moneys were advanced for the specific purpose of paying persons who delivered wood, and that they cannot be regarded as payments upon the various items of plaintiff's claim. The referee has not found in favor of any such application, and, as we understand it, none of such a character is claimed upon this appeal.

On September 20, 1899, plaintiff drew upon defendant an order for $24, with instructions to "charge same to my account." As found by the referee, some time thereafter this order was accepted by the defendant and paid by him. It does not appear more definitely than this what the date of acceptance was. No evidence was given by plaintiff as to the application of this payment. The defendant, speaking with reference to it, says: "I kept a book of account of Shafer. Haven't it with me. I think I charged the order to Shafer." It appears that plaintiff and defendant had had various other business relations. It does not appear definitely whether they had been closed at the time of this payment or to what account upon his books with plaintiff defendant charged this order. At the time of its payment all of the claims in favor of plaintiff involved in this action were, as already found, outlawed, except one. The referee has refused to find that this was such a payment as would revive said claims. We think he was correct in this holding, there being no such evidence as was necessary of an intent upon the part of the defendant to have said payment applied to the claims made by plaintiff which were then outlawed, and thereby revive them. Burdick v. Hicks, 29 App. Div. 205, 51 N. Y. Supp. 789; Adams v. Olin, 140 N. Y. 150, 35 N. E. 448. In accordance with the views expressed, we think the judgment appealed from must be reversed, and a new trial had, with costs to the appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event upon questions of law only, the facts having been examined and no error found therein. All concur.