### HOLDEN v. COONEY.

(Supreme Court, Appellate Term. June 5, 1908.)

1. LIMITATION OF ACTIONS—PARTIAL PAYMENT—BURDEN OF PROOF.

One suing on an account for services rendered more than six years before the commencement of the action has the burden of establishing by clearly preponderating evidence a partial payment on account within six years, and thereby removing the bar of limitations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 716.]

2. SAME.

In an action for services rendered more than six years before the commencement of the action, evidence *held* not to establish a partial payment therefor, essential to remove the bar of limitations.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Warren B. Holden against Joseph M. Cooney. From a judgment of the Municipal Court in favor of plaintiff after trial before the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GE-RARD, JJ.

Waldo & Ball, for appellant.

Walter H. Wood, for respondent.

PER CURIAM. The plaintiff sues for professional services as a physician. The action was commenced on December 30, 1907. The services were alleged to have been rendered between February 20, 1900, and February 10, 1902. The answer alleged that no services were rendered subsequent to June 1, 1901, that plaintiff had been fully paid, and that plaintiff's cause of action was barred by the statute of limitations. On the trial defendant proved a payment by check in December, 1901, of $30, which he claimed to have been in full to that date. Plaintiff had been defendant's family physician for several years prior thereto, and defendant testified that he had been in the habit of paying various amounts from time to time and making settlements of balances due at half-yearly or yearly intervals. This was not disputed. Plaintiff testified from recollection purely, based upon a memorandum of calls which had been transcribed by his wife from a ledger that was not produced, that he made two visits in 1902, one on January 6th and another on February 9th, and that on the first of these occasions defendant's wife paid him $10 in cash. This was denied by both defendant and his wife. Defendant testified that at this time he had no idea that he owed the plaintiff anything or that there was any account between them.

The burden was upon plaintiff to establish such payment by clearly preponderating testimony, and this burden he has not sustained. Burdick v. Hicks, 29 App. Div. 205, 51 N. Y. Supp. 789. And, further, plaintiff admitted that no bill was sent or statement rendered for 4½ years thereafter, and that he rendered no further services to defendant or his family after February, 1902. It does not appear that upon these facts the plaintiff has shown such a clear, unequivocal, and intentional payment on an outstanding account as to take the case out of the statute and render the defendant liable for charges incurred prior to December 30, 1901, to the amount of $105, for which sum the trial court, allowing for various credits not included by plaintiff, gave judgment.

The judgment should be reversed, with costs of this appeal, and the complaint dismissed, with costs.