COHEN v. DIAMOND et al.

(Supreme Court, Appellate Term. December 22, 1911.)

1. LIMITATION OF ACTIONS (§ 195*)—EXCEPTIONS FROM STATUTORY BAR—BURDEN OF PROOF.

A plaintiff, suing on an account which has run for more than six years, has the burden of showing that the case is excepted from the statute of limitations, pleaded as a defense.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 711–716; Dec. Dig. § 195.*]

2. LIMITATION OF ACTIONS (§ 155*)—PART PAYMENT BY ONE JOINT CONTRACTOR —EFFECT.

A payment by one joint contractor does not save from the bar of limitations a claim made against the other joint contractor.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 623–630; Dec. Dig. § 155.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—REVIEW.

Under Municipal Court Act (Laws 1902, c. 580) § 326, providing that the appellate court must render judgment according to the justice of the case, the court on appeal from a Municipal Court judgment may reverse the judgment where the case is submitted on an erroneous theory, though no exception was reserved to the instructions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. LIMITATION OF ACTIONS (§ 157*)—PART PAYMENT AS REMOVAL OF BAR.

Where a claimant for the value of services did not show that any sum was ever agreed on as the reasonable value, a part payment made nearly six years after the rendition of the services did not take the claim out of the statute of limitations; the amount of the balance not being agreed on.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 631–636; Dec. Dig. § 157.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Hyman Cohen against William J. Diamond and another. From a judgment of the Municipal Court for plaintiff, defendant named appeals. Reversed, and new trial ordered.

See, also, 132 N. Y. Supp. 353.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

William E. Morris, for appellant.

John F. Cowan, for respondent.

LEHMAN, J. The plaintiff has brought an action against William J. Diamond and Newman Dube for the sum of $350. The return states that the pleadings were oral, as follows: "Action for professional services." And the answer was: "General denial; payment; counterclaim, $2,000." The plaintiff served a bill of particulars showing various professional services as attorney rendered between January 24, 1904, and June 1, 1904, aggregating in value the sum of $455. It does not clearly appear whether the defendant Diamond appeared in the action alone, but certainly he is the only defendant who contested the claim of the plaintiff and the only defendant who appeals from the judgment. Apparently his answer was in some way amended

to include a plea of the statute of limitations. At the opening of the trial the plaintiff's attorney stated: "I ask that the defenses interposed by the defendant on the return day be spread upon the record." And the court then said: "They are general denial; payment; counterclaim of $2,000; statute of limitations." Both parties acquiesced in this statement, and the issue of whether or not the statute of limitations applied was submitted to the jury who found for the plaintiff in the sum of $150.

[1] The plaintiff clearly established the rendition of the services. The defendant failed to establish payment and withdrew the counterclaim. The judgment must therefore be affirmed if the plaintiff established that the case was excepted from the statutory bar. "When it was shown that the account had run for more than six years, the burden was upon the plaintiff to show that the case was excepted from the statutory bar." Burdick v. Hicks, 29 App. Div. 205, 207, 51 N. Y. Supp. 789, 790. The plaintiff introduced the following evidence upon that issue: He showed that in 1910 he represented the defendant Diamond in a proceeding to obtain an award. He received $150 in settlement of this proceeding, and testified that he then said to Diamond:

" 'Mr. Diamond, you know the arrangement we had that I was to get one-half of whatever recovery we were to have in that case.' He said: 'That is all right. You send me the other $75.' I said: 'It is a long time since you paid me any money. You owe me a bill on that old account of yours between Diamond & Dube. You also owe me your own individual account to date. You haven't paid me anything except $350 on account and now it is time you paid me something.' He said: 'Well, I would like to get that $75.' And I said: 'That $75 isn't out of your pocket. You won't lose it. I will take that and credit it to your old account of Diamond & Dube.' And he said: 'That is all right. You can take it.' "

The plaintiff then sent Diamond the following receipt:

"Received $75 from Lewin V. Diamond to the credit of account of William J. Diamond.                                        Hyman Cohen."

The plaintiff also claims that he received $100 on account from Dube.

The defendant Diamond denies this testimony about the conversation with plaintiff, states that he never gave any permission to plaintiff to retain any part of the sum of $150, immediately repudiated the receipt which plaintiff sent him, and demanded payment of the amount received in the award proceedings. He also showed that he could not call Dube to deny payment of the $100 on account, as Dube is his "bitterest enemy."

The defendant contends upon this appeal that the plaintiff's story should not be accepted because he brought the action for the sum of $350, served a bill of particulars showing value of services at $455, and, further, gave defendant a statement of account showing charges of $325, and in no instance gave credit for the sum of $175 or mentioned that such a sum had been paid until after the statute of limitations was pleaded as a bar. The plaintiff, however, contends that he explained these improbabilities to the jury, they believed him, and that their verdict should therefore be regarded as settling the questions

of fact. If the question had been properly submitted to the·jury, I should agree with this contention, but the judge's charge is quite open to the construction that payment by Dube of $100 would take the case out of the statute.

[2] "It is the settled law of this state that payment made by one joint contractor cannot save from the statute of limitations a claim made against another joint contractor." McMullen v. Rafferty, 89 N. Y. 456, 459, 460. Therefore, of course, the judge's charge in this respect is erroneous.

[3] It is true that no exception was taken to this charge, but we have a right to reverse a judgment where the case is submitted upon an erroneous theory even without exception. This right should be sparingly exercised, and only according to the justice of the case. Section 326, Municipal Court Act (Laws 1902, c. 580). Where, however, under the charge, it is possible for the jury to find a verdict in plaintiff's favor without passing upon the questions of fact upon which there is a real controversy, I think that we are bound to reverse the judgment, especially where upon these questions the plaintiff's testimony is uncorroborated and somewhat discredited by circumstances.

[4] Moreover, even if the plaintiff's story is true, I do not think that he has shown any payment which will take the claim out of the statute. It is quite evident that this is not a running account or even an account of any kind. The plaintiff claims simply the value of his services in different transactions. No price was agreed upon for these services. No balance was ever computed after the alleged payments. In fact, even at the trial, while the action was brought for $350, the plaintiff conceded that no greater amount than $280 remained due, and that the amount which he could recover would depend upon the proof adduced at the trial of the value of his services. The plaintiff's proof then regarded in its most favorable light shows only that he was employed at various times and for various purposes by these defendants; that the defendants were bound under implied promises raised by the employment to pay the value of these services; that no sum was ever fixed for the value of these services.· Almost six years after the services for which claim is made in this action were finished the plaintiff received $75 belonging to the defendant Diamond, and told him he would credit it to the old account of Diamond & Dube, as it was now time that Diamond paid him something, and that the defendant Diamond acquiesced in this statement. These circumstances seem to me no stronger than those existing in the case of Burdick v. Hicks, 29 App. Div. 207, 51 N. Y. Supp. 790, where the court said:

"The record is barren of any evidence showing or tending to show that the defendant was ever made acquainted with the amount of plaintiff's account, or the amount of the balance, or that she was ever notified that there· was any balance until the commencement of this action."

The circumstances existing in the case before us that the defendant was told of a balance some months after the alleged part payment is insufficient to distinguish the cases.

Just as in the case of Burdick v. Hicks, supra, the case of Shafer v. Pratt, 79 App. Div. 447, 80 N. Y. Supp. 109, and the case of Crow

v. Gleason, 141 N. Y. 493, 36 N. E. 497, the plaintiff here has shown a claim arising from various similar transactions, and a payment by defendant of less than the amount of the claim, but he has not shown that the part payment was—

"paid to and accepted by him as such accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. *Part payment of a debt is not of itself conclusive to take the case out of the statute."* Crow v. Gleason, supra.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

