HUNTER v. VICARIO.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. CONTRACTS (§ 321*)—ARCHITECT'S SERVICES—PROOF.
　　Where plaintiff, an architect, having made plans for alterations in defendant's building under an agreement that defendant should obtain the lowest bid possible from various builders, and that plaintiff was to have as his compensation one-half of the money saved on the lowest estimate that plaintiff could obtain, defendant having abandoned the improvement after obtaining a bid of $26,480, plaintiff could not recover on the contract, in the absence of proof of what the work would actually have cost if done by contractors obtained by him.
　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508–1527; Dec. Dig. § 321.*]

2. WORK AND LABOR (§ 14*)—ARCHITECT'S SERVICES.
　　Defendant, desiring to make alterations in a building, employed plaintiff to prepare plans and specifications, agreeing that defendant should obtain bids from local contractors, and that plaintiff should have as his compensation one-half of the difference saved on the lowest estimate that plaintiff could obtain. Defendant obtained a bid of $26,480; but, after plaintiff had interviewed several contractors, defendant abandoned the enterprise. Held, that the contract was not a building contract, but one for professional services of an architect, and that plaintiff was entitled to recover on a quantum meruit.
　　[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

　　Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Wesley D. Hunter against John Vicario. From a judgment dismissing a complaint which closed the plaintiff's case, he appeals. Reversed.

See, also, 137 App. Div. 947, 123 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　130 N.Y.S.—40

Theodore B. Richter, for appellant.
Louis O. Van Doren, for respondent.

DOWLING, J. The defendant was the owner of the premises known as Nos. 130–132 Worth street in the city of New York and desired to make alterations therein. For that purpose, he had received certain specifications from P. Roberts & Co., builders, with an estimate for the work thereunder. Thereafter he had negotiations with plaintiff, an architect with an experience of upwards of 20 years, as the result of which negotiations defendant wrote plaintiff as follows:

"New York, July 17th, 1907.

"W. Darwin Hunter, Esq., 60 Wall Street, New York City—Dear Sir: Following our conversation of yesterday, I put in writing what I told you. I desire to have a copy of the specifications as you will suggest for the alterations on the building at 130–132 Worth St., sent to several contractors. I will select the bottom figure, and any amount which you can save on the bottom figure will be shared between us in equal part. I agree to pay the bills as soon as they are presented, if necessary, or you can get the best terms, not being necessary for me to pay cash if there is no profit.

"Yours very truly,　　　　　　　　　　　　　John Vicario."

To this plaintiff sent the following reply.

"New York, July 19, 1907.

"John Vicario, Esq., 90 Centre Street, City—Dear Sir: In reply to your favor of July 17th, I beg leave to say that I will undertake the matter of drawing up plans and specifications for the alteration of your building at 130–132 Worth street and obtain estimates thereon, as you suggest, from good reliable builders, with the understanding that I am to have as my compensation one-half of the money saved you on the lowest estimate which I obtain. I will have plans, specifications and estimates ready to submit to you on or about September 4th.

"Yours very truly,　　　　　　　　　　　　　W. D. Hunter."

These two letters are claimed to constitute the contract between the parties. Thereafter the plaintiff proceeded to make sketches and measurements of the building, and to prepare plans and specifications for the work of altering same, which differed, in certain material particulars, from those previously prepared, and the cost of performing which exceeded the prior estimate. These plans and specifications were furnished to defendant, who retained them, and, though suggesting certain changes which added to the expense, never rejected them or suggested that they were unsatisfactory to him. The plaintiff then proceeded to obtain estimates from various contractors, as he was called upon to do under his contract, and succeeded in getting certain bids for the entire work called for in the plans and specifications. The lowest whereof was that of Isaac A. Hopper & Son, in the sum of $26,480. Defendant desired to have Roberts & Co. bid on the work, as he deemed them reliable and did not want any one else to get the contract unless the work was done more cheaply, but he notified the plaintiff on November 12, 1907, that they would not bid on the work. In the meantime, plaintiff had interviewed some 15 or 20 subcontractors, from whom he obtained estimates on the performance of parts of the work appropriate to their respective trades, thus furnishing a basis for the ultimate saving of expense be-

tween the cost of the actual doing of the work by contract for parts thereof, and the lowest estimated cost of the doing of the entire work by one contractor. Defendant, however, abandoned the enterprise at that time, never proceeded with the work under plaintiff's plans and specifications, and never paid plaintiff anything for his services. He did make certain alterations in the building in February, 1909.

The complaint herein sets forth two causes of action: (1) On the contract before recited, to recover damages amounting to $2,648, being one-half the difference between the lowest estimated cost of the alteration and improvements ($26,480) and what would have been the actual cost to defendant ($21,184); (2) on quantum meruit to recover the reasonable value of the services rendered by plaintiff as an architect in drawing the plans and specifications for the alterations in question.

[1] At the close of the plaintiff's case, the first cause of action was dismissed, and properly, because there was no proof offered of what the work would actually have cost if done by contractors, each of whom did but a part thereof, and therefore the essential element was lacking for a comparison with the lowest estimated cost, and the saving which might have been effected could not be estimated.

[2] The second cause of action was then likewise dismissed, on the ground that plaintiff had not proved his damages and they were not capable of proof in such an action. It is also sought to sustain this dismissal now on the ground that the services to be rendered were not those of an architect, but of a builder, and that, as there was a contract fixing the value of the services to be rendered by plaintiff, he could not recover on quantum meruit. We do not believe the dismissal of the second cause of action can be sustained on any of these grounds. Examining the reason assigned by the learned trial court for its action, we find that plaintiff had established the rendition of professional services as an architect in the drawing of plans and specifications for certain alterations in defendant's building, at his request, and that the customary and usual charge for drawing plans and specifications is 6 per cent. of the proposed cost of the alterations, in this case $26,480. So that damages amounting to $1,588.80 had been actually established, upon plaintiff's case.

Nor are the other grounds assigned tenable. The contract in question is not in any sense a building contract. It is clearly one for the rendition of the professional services of an architect. Nor would the fact that he was required to render services in supervising the work to be done thereunder change the nature of the employment, for such services are within the ordinary and natural work of an architect. Nor does the fact that this particular form of contract is an unusual one for an architect to make, and one which is not approved by the American Institute of Architects because of the contingent nature of the remuneration provided for, affect its legality. It was competent for the contracting parties to determine for themselves how the plaintiff's compensation should be fixed.

Finally, the fact that a contract had been made determining the amount of the architect's fees did not prevent him from suing on

quantum meruit when plaintiff had partly performed thereunder, but defendant refused to proceed therewith. The rule is that where a special agreement for services has been performed in part by plaintiff, and its further performance has been prevented by the act of the defendant, who has repudiated same and refused to continue to perform, the plaintiff may at his option either sue for the breach and recover damages, or abandon the contract altogether, repudiate it because of defendant's repudiation, and recover under quantum meruit. 9 Cyc. 688, 689; 26 Cyc. 1000; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873; Dailey v. Devlin, 21 App. Div. 62, 47 N. Y. Supp. 296.

The judgment appealed from should therefore be reversed and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). I think this judgment should be affirmed. The plaintiff undertook to prepare these plans and specifications, and was to receive as compensation one-half of the difference between the lowest figure for which a responsible builder would under-take to do the work and the amount for which the plaintiff could do it. The two letters which are assumed to state the contract are not exactly alike; but as the plaintiff proceeded under his letter to the defendant, dated July 19, 1907, that letter may be taken as constituting the agreement. The plaintiff drew plans and specifications and obtained a bid to do the whole work from Hopper & Son for the sum of $26,-480. The plaintiff then interviewed subcontractors and obtained estimates from them for doing portions of the work; but I cannot find that on the basis of these subcontracts the plaintiff would have been able to do the work at a less price than that represented by the Hopper bid. Subsequently the work was abandoned and was never completed. Upon these facts, I do not think that any judgment in favor of the plaintiff for more than nominal damages could be sustained. The plaintiff was not entitled to recover upon a quantum meruit, because there was no employment under which the plaintiff was to be paid the value of his services. He agreed to do the work and to receive for his compensation one-half the difference between what he could do the work for without a contract and the amount that the lowest bidder would do the work for with a contract; and to entitle him to recover he was bound to prove that, if he had done the work, he could have completed it for a less sum than that bid by the lowest bidder. He failed to furnish that proof. I do not think, therefore, that he was entitled to recover a substantial judgment.

The judgment should be affirmed.

LAUGHLIN, J., concurs.