### WILLIAMSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 11, 1916.)

MUNICIPAL CORPORATIONS ☞220—PUBLIC IMPROVEMENTS—CONSTRUCTION OF CONTRACT—COMMENCEMENT OF ACTION.

   Under a contract between a president of a municipal corporation and a consulting engineer, providing for the furnishing by the engineer of plans and estimated cost of a public improvement and his supervision of the proposed work, and allowing him as compensation therefor a percentage of the cost, one half payable upon the approval of the plans by the president and the other half upon estimates by the contractors, certified by the engineer as the work progressed, in the absence of a power in the president to contract also for the construction of the improvement, the corporation need not proceed with the work after the adoption of the plans, and the engineer's right to demand the balance of the compensation provided for does not accrue until after the improvement is commenced.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608;  Dec. Dig. ☞220.]

   Dowling and Smith, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Francis S. Williamson against the City of New York for breach of contract. From so much of a judgment as was in favor of plaintiff, defendant appeals. Reversed, and action dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

John F. O'Brien, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Francis Gilbert, of New York City (Alfred W. Kiddle and Henry T. Hornidge, both of New York City, on the brief), for respondent.

LAUGHLIN, J.   The second amended complaint contains four counts or causes of action.   In the first cause of action plaintiff alleges

that on the 2d day of June, 1902, he was duly appointed consulting engineer to the president of the borough of Manhattan pursuant to the provisions of section 386 of the Greater New York Charter (Laws 1901, c. 466), and thereupon entered into an agreement with the defendant to prepare plans and specifications for the extension of Riverside Drive from 135th street to its junction with Boulevard Lafayette, its terminus, and to supervise the construction work in connection therewith "for a compensation duly provided for in said contract," and that he was duly employed to perform certain services in the preparation of certain additional plans and specifications, and that such additional services were duly performed and accepted; and he demands judgment for the reasonable value thereof.

The second cause of action is for damages alleged to have been sustained by the plaintiff by the suspension of work on the contract specified in the first cause of action from the 8th day of August, 1908, to the 24th day of March, 1910.

In the third count plaintiff alleges that on the 21st day of December, 1906, he was duly appointed consulting engineer of public works to the borough president of Manhattan pursuant to said section 386 of the charter, and that on said day he entered into a contract with the president of said borough whereby he agreed to prepare certain plans and specifications for the extension of Riverside Drive from 135th street to its junction with the Hendrick Hudson Memorial Bridge, and to furnish estimates of the probable cost of the proposed work, and that he was to receive as compensation therefor and for supervising the work proposed to be done a sum equal to 4 per cent. of the actual cost of the work, one-half of which was to be paid upon the approval of the plans and specifications by the borough president, and the balance upon the estimates of the contractor certified by the engineer from time to time as the work progressed; that pursuant to said employment he prepared the plans and specifications, and they were duly accepted and approved by the president of the borough and by the board of estimate and apportionment and by the art commission for the city of New York; that he prepared an estimate of the probable cost, and that his estimate was $4,806,640; that he prepared a contract, which was duly entered into between the city and one Rodgers under date of June 4, 1909, whereby Rodgers undertook to perform part of the work specified in said plans and specifications, but that this contract was canceled and terminated on the 1st day of November, 1910, by an agreement between the city and Rodgers, and that the city thereupon refused to complete the work therein provided for, and refused to proceed with the other work incident to the extension of Riverside Drive northerly of 155th street; that plaintiff duly performed on his part until the breach of the contract by the defendant, and has at all times been and is ready and willing to complete performance; that defendant paid plaintiff the first installment, aggregating $96,132.80, but has refused to continue with the completion of the work, and to permit plaintiff to proceed with the supervision thereof, and with the completion of the contract on his part; and judgment is demanded for his damages, stated to be $68,183.86.

The fourth cause of action is to recover for additional services not provided for in the contract set forth in the third cause of action, viz. the preparation of plans and specifications and detailed construction plans for that portion of Riverside Drive lying between the north and south boundaries of Ft. Washington Park. The court dismissed the complaint as to the second and fourth causes of action, and the jury rendered a verdict for the plaintiff on the first and third, stating separately the amount allowed on each. The court set aside the verdict on the first cause of action as against the weight of evidence, and judgment was entered for $17,964.28 on the third cause of action.

As is shown by the allegations in the first count, the plaintiff claims to have been appointed consulting engineer on the 2d day of June, 1902. On the 14th of February, 1902, the board of estimate and apportionment adopted a resolution as follows:

"Resolved, that pursuant to section 386, chapter 466, of the Laws of 1901, the president of the borough of Manhattan is hereby authorized to employ a consulting engineer of public works and a consulting engineer of public buildings at such times as the public interest may require and at such proper compensation as the particular work upon which they are employed requires."

On the 12th of March, 1902, the board of aldermen adopted a resolution to the same effect. The contract upon which the plaintiff relied is a letter written to him by the borough president under date of December 21, 1906, as follows:

"As the consulting engineer of public works to the president of the borough of Manhattan, appointed pursuant to section 386 of the Greater New York Charter as amended, and the resolutions of the board of estimate and apportionment adopted February 14, 1902, by the board of aldermen on March 4, 1902, and approved by the mayor March 18, 1902, you are herewith directed to prepare at your own cost and expense the necessary plans and specifications for building an extension of Riverside Drive from 155th street to its junction with the Hendrick Hudson Memorial Bridge. You will be required to furnish this department with a complete set of specifications of the proposed work, with estimates of its probable cost, together with all the necessary plans, both general and detailed, which will enable prospective bidders and contractors to prepare and make accurate and reliable estimates of the quantities, quality, and character of the several kinds of labor and material required to complete the work in a first-class workmanlike manner.

"The several plans and specifications are to be submitted to this department for approval, and should they be unsatisfactory they must be revised and corrected, so that they shall conform to the suggestions and requirements of the president of the borough. For furnishing the several plans and specifications to the satisfaction of the borough president and for supervising the work you will receive 4 per cent. of its actual cost, to be paid as follows:

"Two per cent. upon the estimated cost of the work after the plans and specifications have been approved by the borough president; and 2 per cent. upon the estimates of the contractors, certified to by the engineer from time to time, during the progress of the work, which, together with the 2 per cent. herewith authorized to be paid for preparing plans and specifications and estimates, shall equal a total of 4 per cent. of the actual cost. The fees to be earned under this appointment are to be charged against corporate stock issues authorized for the preparation of plans and specifications and the construction and extension of Riverside Drive from 155th street to the Hendrick Hudson Memorial Bridge."

The uncontroverted evidence shows that plaintiff prepared the plans and specifications, and that they were duly approved and accepted by the president of the borough, by the board of estimate and apportionment, and by the art commission; that he prepared and furnished an estimate of the probable cost of the proposed work, and that it would cost $4,806,640. It was also shown that on the 14th day of January, 1909, the city entered into a contract with one Rodgers "for furnishing materials and performing the work of building an extension and improvement to that portion of Riverside Drive lying between the north and south boundaries of Ft. Washington Park (land owned by the city of New York), together with all work incidental thereto"; that the estimated cost thereof was $625,037.50, and that after some of the material was delivered by the contractor, but before any estimate was made or certified with respect thereto, and in the month of November, 1910, said contract was canceled by an agreement in writing between the parties thereto, which recited that it was deemed advisable and to the advantage of the city to discontinue the work, and the city paid the contractor $65,188.69 as compensation for the work done and damages suffered.

The learned counsel for the appellant contends that the Rodgers contract was for the construction work within the boundaries of Ft. Washington Park, and that the contract was canceled for the reason that it was illegal; but those contentions are not conceded, and I am of opinion that it is not necessary to decide with respect to the merits thereof, for I do not regard that contract as materially affecting the decision of this appeal. It is also contended on behalf of the appellant, on the authority of Hildreth v. City of New York, 111 App. Div. 64, 97 N. Y. Supp. 582; Id., 138 App. Div. 103, 122 N. Y. Supp. 1053, affirmed 203 N. Y. 644, 97 N. E. 1106, that the employment of plaintiff was void; that there was no authority to employ a consulting engineer, excepting upon a salary to be fixed as prescribed by the charter; that authority was not conferred to employ a consulting engineer for a single improvement, and that, assuming that the president of the borough had authority to contract with the plaintiff as evidenced in the manner and to the extent stated in the letter, still the action is premature, for the reason that no part of the second installment has become due or owing, since the work has not been proceeded with, and there has been no estimate by the contractor certified by the engineer during the progress of the work.

Without expressing an opinion with respect of the authority of the president of the borough to make the contract, I am of opinion that the contention of the city that the action is premature is well founded. If this contract had been made in behalf of a private individual who failed to proceed with the improvement, and thus deprived the engineer of the opportunity to earn the second installment, it may be that an action for breach of the contract would lie (see Hunter v. Vicario, 146 App. Div. 93, 130 N. Y. Supp. 625); but to hold that this contract bound the city to proceed with the improvement in accordance with the plans and specifications, if any, regardless of the cost and other considerations, would be an unreasonable construction, and could in no

event obtain unless the borough president possessed full authority to contract not merely for the services of the plaintiff, but for the improvement, which does not appear. The rights of the plaintiff are fully protected by the construction of this contract which gives him the right to the 2 per cent. which he has received upon the approval of the plans and specifications, but which gives the city discretion to proceed with or abandon the improvement, and gives plaintiff the right to earn the second installment by supervising the work, if and when the city proceeds therewith.

It follows that the judgment and order, so far as appealed from, should be reversed, with costs, and the complaint as to the third cause of action dismissed, with costs, on appellant's motion at the close of the evidence. Settle order on notice.

CLARKE, P. J., and McLAUGHLIN, J., concur. DOWLING and SMITH, JJ., dissent.