ARTHUR WEISER, Plaintiff, *v.* STADIUM OF CANARSIE, Defendant.

Supreme Court, New York County, June 25, 1930.

*David Ray Bernstein*, for the plaintiff.

*Morris D. Kopple* [*A. Miller* of counsel], for the defendant.

COTILLO, J. This action is brought by an architect to recover a sum of money due for professional services rendered under a written contract. The defendant as owner contemplated the erection of a theatre at Rockaway Park on East Ninety-sixth street, between Glenwood road and Smith's lane, in the borough of Brooklyn, and engaged the architect, whose professional services were to consist of the necessary conferences, preparation of plans and specifications full-size details of structural steel plans, and all papers and drawings appertaining to zoning questions, and checking up all details submitted by contractors. Payment was to be made as follows: Upon

completion of the preliminary studies, etc., $1,000; upon filing of plans and completing specifications, $1,500; upon approval of plans in the building department, $2,000; at the completion of full-sized plaster details, $1,500; and, upon completion of the building and the issue of certificates of occupancy, the balance, namely, $1,000. After the plans had been approved by the building department it appeared that the zoning regulations did not permit the erection of a theatre, and the owner did nothing thereafter in the matter. The architect now claims $4,500, which is equal to the balance of his fee under the contract.

The chief ground of opposition is that the contract was for the accomplishment of an illegal purpose, namely, the erection of a build-ing upon a site not permitted by law, and defendant, therefore, disclaims liability for the balance of the price. In support of its contention it cites *Markowitz* v. *Arrow Const. Co.* (102 Misc. 532). There a broker sued for commission for procuring a lessee ready, willing and able to lease the premises upon the lessor's terms. The contemplated lease was for an abandoned church building for use as a garage upon alteration for such purposes. It turned out that the zoning resolutions did not permit the use of the premises for a garage, and the prospective lessee refused to enter into a lease for any other but garage purposes.

A close analysis of the facts in the case, aided by a study of the record, shows that the ground of division there was that the broker had not really performed his services, in that he had not procured a purchaser ready, willing and able to enter into a lease. In fact, the purchaser or lessee there refused to enter into any lease except for a specific purpose not authorized by law, and the broker under well-established principles did not earn his commission there. The case does not furnish an analogy. The services for which the architect was engaged were certainly not primarily illegal. The completion of all his services contemplated under the agreement did, however, con-flict with the provisions of law, and such completion was rendered impossible through circumstances which were only partially the fault of the defendant. The furnishing of plans and specifications and securing permits from the building department were not the sole service to be performed by the plaintiff. If the rendering of the balance of services was due to the fault of the defendant, then plain-tiff has a claim for damages for breach of contract. He is suing for an amount equal to the balance due under the contract itself as if he had entirely performed it. Under such circumstances he may only recover on a *quantum meruit* basis. (*Welch* v. *Livingston*, 33 Misc. 116, 117; *Hunter* v. *Vicario*, 146 App. Div. 93.) In *Welch* v. *Livingston* (*supra*) it was said: " Where a contract has been partially

performed and the defendant prevents the completion thereof, the aggrieved party may sue on a *quantum meruit* for the work done. (*Farron* v. *Sherwood*, 17 N. Y. 227.) "

The complaint is elastic enough to justify an inference that plaintiff is suing for the reasonable value of his services, but he cannot recover the full amount because he has not rendered full services. Plaintiff received $2,500 for the services rendered. He was entitled to at least the additional sum of $2,000, payable after the approval of the plans by the building department. This is the amount of the judgment awarded to him, together with interest.

Verdict is, therefore, directed in favor of the plaintiff in the sum of $2,000, with interest from the 1st day of March, 1928, amounting to $278.